**Oscar Pete MOORE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 37191.**

Court of Criminal Appeals of Texas.

Nov. 25, 1964.

John W. O'Dowd, Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, James C. Brough and Neil McKay, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The conviction is for murder without malice; the punishment, five years.

In view of our disposition of the case, a recitation of the facts is not deemed necessary other than to observe that it was shown by the evidence that appellant shot the deceased while intending to shoot the state's witness Carl James Armstrong, with whom he had a difficulty. At the trial, three witnesses to the killing and certain officers who later came to the scene were called by the state to testify.

At the beginning or during the course of the cross-examination of Officers Davis and Harmon and the witness Armstrong, demand was made by appellant for their reports or statements, made concerning the case on trial, for the purpose of cross-examination. These demands were summarily refused and such reports were not made available during the trial.

In appellant's effort to secure the statement of the witness Armstrong for the purpose of cross-examination, the assistant district attorney in charge of the prosecution was called to the stand and was asked: "Do you have in your file a statement with the name Carl James Armstrong purportedly signed to it?," to which question he replied: "I refuse to answer that."

At the hearing on appellant's motion for new trial, counsel for the state introduced in evidence an offense report and statements which the state had in its files at the time of the trial, made by certain witnesses, including one from the witness Armstrong.

We have examined the statement of the witness Armstrong and conclude that the court's action in denying such statement to appellant for the purpose of cross-examination calls for a reversal of the conviction.

In his testimony at the trial, the witness Armstrong made no reference to having a knife on his person or reaching for one at the time of the shooting, while in his written statement he stated that immediately after he knocked appellant to the floor and prior to the shooting, he (the witness) "had *went* into [my] pocket for [my] knife. Somebody took [my] knife."

This evidence was legally available to the appellant for the purpose of cross-examination, under the rule announced in Gaskin v. State, 172 Tex.Cr.R. 7, 353 S. W.2d 467, and would have aided him in such cross-examination. In being denied the statement for such purpose, injury to appellant is shown.

In Gaskin v. State, supra, we said:

"The rule applies where demand is made after the witness has testified on direct examination and is for the purpose of cross-examination, and possibly impeachment purposes, whether the statement has been used by the witness before trial to refresh his memory or not."

In Pruitt v. State, 172 Tex.Cr.R. 187, 355 S.W.2d 528, we said:

"The state requests that we 'clarify the procedure to be utilized in making the requested offense report or written statement available for the record.'

"First, we express the view that only in cases where the interests of justice so require should the defendant or his counsel be denied the privilege of in-

specting a previous statement of a state's witness after he has testified on direct examination."

For the failure of the court to make the statement available for the purpose of cross-examination, the judgment is reversed and the cause remanded.

Opinion approved by the Court.