Graybon Allen **MOORE**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 48324.

Court of Criminal Appeals of Texas.

May 15, 1974.

**350**

Bill Pedersen, Jr., Nacogdoches, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

OPINION ON MOTION TO REINSTATE APPEAL

GREEN, Commissioner.

A supplemental transcript having been filed containing a proper notice of appeal, the order of this Court dismissing this appeal is set aside, and the appeal is reinstated and is now considered on its merits.

This appeal is from an order revoking probation.

On August 2, 1972, appellant was convicted in Cause No. 9094–71–12 in the District Court of Nacogdoches County of burglary. His punishment was assessed at 10 years, probated. Among other provisions of his probation was that appellant "commit no offense against the laws of this or any other state or the United States."

On July 3, 1973, the State filed a motion seeking revocation of probation, in which it was alleged that appellant had, on March 1, 1973, committed the offense of burglary of a house of Fred Ship in Walker County. A hearing on this motion was held on September 21, 1973, and the court found from the evidence that appellant had violated the abovementioned condition of his probation in that he had committed the offense of burglary as alleged in the motion. Probation was revoked, and appellant was duly sentenced to a term of not less than 2 nor more than 10 years.

In his second ground of error, appellant contends that the court abused his discretion since the evidence was insufficient to support the order of revocation.

The district clerk of Nacogdoches County identified appellant as being the same person who was convicted of burglary in Cause No. 9094–71–12, and whose punishment was assessed at 10 years, probated. The judgment and order of probation were introduced in evidence.

Officer Pierce of the Huntsville Police Department testified that at about 9:29 P.

M. on March 1, 1973, he was directed by his dispatcher to answer a burglary alarm at Fred Ship's pharmacy in Huntsville. As he approached the pharmacy, he saw appellant, Shriver and Poole run out of a washateria adjacent to the pharmacy, and get in a car in a nearby parking lot. He blocked the car with his own automobile, arrested the three men, and placed them in the custody of an officer while he and another officer entered the washateria. At the time these men were apprehended, appellant and Shriver had dust and lint in their hair and on their clothing. The officers found where a hole had been "broke" between the attic wall of the washateria and the pharmacy. On the top of the washateria restroom, over which one would go to get to the attic, he found three boxes, each of which contained what he considered to be a hundred disposable needles of a kind sold in a drugstore. The ceiling in the washateria and in the pharmacy was broken, and beneath the hole was an ice box used to keep drugs needing refrigeration. The top of this ice box was "real dusty" and he saw a foot print in the dust.

Fred Ship testified that he was the proprietor of the pharmacy, and that it was in his custody and control. He had not given anyone consent to break into the pharmacy on the night in question, or to take anything from it. He identified the three boxes of needles and syringes found by Officer Pierce as coming from his store.

Bobby Joe Shriver, an inmate of the Texas Department of Corrections, testified as a witness for the appellant that he had plead guilty to this burglary, and had received a two year sentence. He had been in the washateria in Huntsville together with appellant and Poole on the night in question to wash some clothes. He admitted having climbed over the restroom of the washateria and entered the drugstore through the ceiling. As he was standing on the refrigerator, he noticed the light beam of the burglar alarm, at which time he returned to the washateria through the ceiling. He told the other two to get their clothes and "let's go." They all left together, got in their car, and were arrested in the parking lot. Shriver testified that appellant did not know that he was going to burglarize the drugstore, and had no part in it.

The trial court, as the trier of facts, could believe any portion of Shriver's testimony and discard any portion.

■ The finding of the trial court that appellant committed the offense alleged is supported by the evidence, and the court did not abuse his discretion in so finding.

Appellant's first ground alleges error in the trial court's failure to give him "an opportunity to examine the offense report of the Huntsville Police Department by refusing to give appellant a recess to allow the Subpoena Duces Tecum for such offense report to be served on the Huntsville Police Department."

On cross-examination, Officer Pierce testified that he and a lieutenant had jointly written a police report on this offense, and that he had read it at the police station two days prior to the trial. The State objected to appellant's request to be allowed to see the report as follows:

"MR. ADAMS: I object to whether this witness cares or not, in all probability it is a Police work product of the Huntsville Police Department. If he can show some relevancy of it—The officer testified that he reviewed it a couple of days ago, but he's not testifying from it and I see no need in compelling him to say whether or not he had objection ot (sic) it being seen by this Defendant."

This objection was overruled. However, the officer did not have the report with him, and it was not shown to be in the possession of the prosecuting attorney. No further effort was made by appellant at that time to secure the offense report.

Later in the trial, after the State had rested its case, appellant requested that a recess be granted so that he could have a

subpoena issued for the production in court of the report. The court stated that the issuing of the subpoena was a matter to be taken up with the clerk, but declined the request for a recess. Appellant excepted, and moved for a mistrial, which was refused. A subpoena duces tecum addressed to the police chief of Huntsville is contained in the transcript, but does not reflect that service was had on the subpoena.

■ It is not necessary that we pass on appellant's contention that the court erred in refusing to halt the trial until the report could be produced in court. Under the rule of Gaskin v. State, 172 Tex.Cr.R. 7, 353 S.W.2d 467, where a State's witness has made a report in writing prior to testifying, the defendant, after a timely motion or request, is entitled to inspect and use such prior report for cross-examination and impeachment purposes after the witness has testified, and this right obtains whether or not the witness has used the instrument to refresh his memory. Howard v. State, Tex.Cr.App., 505 S.W.2d 306. However, even though the trial court may be in error in refusing the defendant such right, such is not reversible error unless the accused can show harm. The harmfulness of the error is dependent upon whether an examination *by the appellate court* demonstrates that the defendant should have been allowed the statement for purposes of cross-examination and impeachment. Reversible error is shown if the defendant is denied the opportunity to have made available the report for the appellate record in order that injury, if any, may be shown. Howard v. State, supra; Zanders v. State, Tex.Cr.App., 480 S.W.2d 708; Rose v. State, Tex.Cr.App., 427 S.W.2d 609, 612; Campos v. State, Tex.Cr.App., 468 S.W.2d 81; Pruitt v. State, 172 Tex. Cr.R. 187, 355 S.W.2d 528. The report in

question is not in the record, and is not before us for our inspection.

■ During the trial, after the court had overruled the State's objection to the appellant's request concerning the report, appellant made no request that the State be required to furnish him a copy of the officer's report. No post-trial request was made that the offense report be included in the record, or sent to this Court in a sealed envelope for its inspection. See footnote 4, Zanders v. State, supra, 480 S.W.2d at p. 711. Cf. Darrington v. State, Tex.Cr.App., 493 S.W.2d 244, where the judgment was reversed because the trial court refused to grant the defendant's post-trial request, made before the record was approved, to forward the report to this Court. In the instant case, appellant has failed to preserve reversible error, since he took no steps to have the officer's written report included in the record on appeal. Henriksen v. State, Tex.Cr.App., 500 S.W.2d 491; Lewis v. State, Tex.Cr.App., 481 S.W.2d 804; Stevenson v. State, Tex.Cr.App., 456 S.W.2d 60.

■ On February 8, 1974 after the record was filed on February 7, 1974, appellant's counsel wrote to this Court asking that "a copy of the offense report, the subject of point of error number one, be allowed to be sent to the court as a sealed exhibit from Judge Jack Pierce, Nacogdoches County." The request should have been made to Judge Pierce before the record was approved on December 13, 1973. Such request was not made to the trial court. The request is denied.

Appellant's first ground of error is overruled.

The judgment is affirmed.

Opinion approved by the Court.