Kenneth Michael CULLEN, Appellant,

v.

The STATE of Texas, Appellee.

No. 332–84.

Court of Criminal Appeals of Texas,
En Banc.

Nov. 5, 1986.

Travis W. Young, Fort Worth, for appellant.

Tim Curry, Dist. Atty. and C. Chris Marshall, Michael Jergins and Mary Thornton Taylor, Asst. Dist. Attys., Fort Worth, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

McCORMICK, Judge.

The *Gaskin* rule provides that when a State's witness has made a report or has given a statement prior to testifying, the defendant, after a timely request, is entitled to inspect and use such prior available report or statement for cross-examination and impeachment purposes, even though the witness may not have used the instrument to refresh his memory. *Gaskin v. State,* 172 Tex.Cr.R. 7, 353 S.W.2d 467 (1961); *Pinson v. State,* 598 S.W.2d 299 (Tex.Cr.App.1980); *Mendoza v. State,* 552 S.W.2d 444 (Tex.Cr.App.1977); *Zanders v. State,* 480 S.W.2d 708 (Tex.Cr.App.1972). If a defendant invokes the *Gaskin* rule, it

is error for the trial judge to fail to require production of the statement or report. However, harmfulness of the error is determined by considering whether the accused was thereby denied effective cross-examination or possible impeachment of the witness. *Pinson v. State, supra; Mendoza v. State, supra; Hoffman v. State,* 514 S.W.2d 248 (Tex.Cr.App.1974); *Moore v. State,* 509 S.W.2d 349 (Tex.Cr.App.1974).

On appeal in the instant case, appellant argued that the *Gaskin* rule was violated when the trial court denied his request to hear tape recordings of the prosecutor's interviews with State's witness Miller, a codefendant of appellant. Appellant made his requests twice during his case—once during pretrial proceedings and then again during trial during his cross-examination of Miller. The Court of Appeals in an unpublished opinion correctly held that statements from pretrial witnesses are exempt from pretrial discovery under Article 39.14, V.A.C.C.P. The Court of Appeals further found that when the *Gaskin* rule comes into play after a witness has testified, Article 39.14, supra, no longer controls. Thus statements from witnesses are subject to discovery by the defense after those witnesses have testified on direct examination at trial. The Court of Appeals also held that the tape recorded interview in the instant case was analogous to a prosecutor's notes taken of an interview with a prospective witness and thus did not constitute "statements" within the meaning of the *Gaskin* rule. The Court went on to hold that even if the tape recordings were subject to the *Gaskin* rule, the error, if any, was harmless since the recording was consistent with the testimony of the witness at trial. *Cullen v. State,* No. 2–82–102–CR (Tex.App.—Ft. Worth, January 11, 1984). We granted appellant's petition to review the decision of the Court of Appeals.

Appellant contends in his petition for discretionary review that the State should not be able to avoid the *Gaskin* rule simply by making a tape-recorded statement rather than a written statement. We agree. A reading of *Gaskin v. State,* supra, shows that although that case involved written

reports prepared by the arresting officers, the rule as announced therein was not restricted solely to *written* statements. And although some of the cases decided since *Gaskin v. State,* supra, cite the rule as applying only to *written* statements or reports, we do not interpret the *Gaskin* rule to be so limited. *Stone v. State,* 583 S.W.2d 410 (Tex.Cr.App.1979); *Moore v. State, supra; Moore v. State,* 384 S.W.2d 141 (Tex.Cr.App.1964).

Several cases have come before this Court in which the question of the application of the *Gaskin* rule to tape-recorded statements has been presented. This Court, however, has never squarely addressed the issue. In *Pinson v. State, supra,* the accomplice witness Burns revealed during cross-examination that he had given a statement which had been tape-recorded and later transcribed. This Court failed to reach the merits of the case because Pinson had failed to make an effort to obtain the witness's statement for purposes of the appellate record.

*Williams v. State,* 542 S.W.2d 131 (Tex. Cr.App.1976), also involved the tape-recorded statement of an accomplice witness. The Court ruled that since the witness's statement on the tape referred only to other transactions and not to the transaction for which the appellant was being tried, the *Gaskin* rule had not been violated. Furthermore none of the material contained on the tape could have been legitimately used in the cross-examination of the witness. Although not specifically holding that tape-recorded statements might be subject to the *Gaskin* rule, the Court in its discussion of the merits of Williams' claim certainly seemed to make that assumption.

It seems a similar assumption was made in *Johnson v. State,* 650 S.W.2d 784 (Tex. Cr.App.1983). Johnson was arrested and charged with criminal solicitation after he solicited Roger Bryant to murder John Lee. At the time of the solicitation, Bryant was cooperating with law enforcement officers and was wearing a hidden microphone. Appellant's conversation with Bryant was

tape-recorded. A transcript was made of the recording. Prior to trial DPS agent Scott and DPS Sgt. Roberts listened to the tape and supplied some words that were missing from the transcript because they had been garbled on the recording. Johnson argued on appeal that the *Gaskin* rule was violated when the trial court refused to allow him to examine the notes of DPS agent Scott relative to his recollection of the taped conversation between appellant and Bryant. Johnson maintained that the transcript of the taped conversation and DPS agent Scott's notes were in effect a statement prepared by him and thus subject to the *Gaskin* rule. This Court held that DPS agent Scott's and DPS Sgt. Robert's additions to the transcript of the recording were an interpretation of the original tape and thereby a work product of the State. The transcript itself and the original tape were recordings of statements by the appellant and Bryant, not of Scott and Roberts. Because the *Gaskin* rule applies only to statements of witnesses, this Court held that the transcript and tape were not subject to the rule.

And in *Buffington v. State*, 652 S.W.2d 394 (Tex.Cr.App.1983), a capital case reversed because of *Witherspoon* error, both Presiding Judge Onion in his concurring opinion and Judge Clinton in his dissent, wrote that they felt the appellant was entitled to transcriptions of tape-recorded interviews with the States' principal witness under the *Gaskin* rule.

 Clearly, it would be grossly unfair to defendants to make a blanket holding that a tape-recorded statement of a witness will never be discoverable under *Gaskin,* simply because it has never been reduced to writing. Thus we now hold that the *Gaskin* rule is not limited to *written* statements but may also encompass tape-recorded statements and transcripts made therefrom. We are cognizant as the State has pointed out in its brief that not every tape-recorded interview will be in such a format nor made with the requisite intent as to be subject to the *Gaskin* rule. Clearly, if a recording consists solely of a wit-

ness relating the events of the crime with no questions by the prosecutor, *Gaskin* will apply. At the other extreme, if the recording obviously contains only the work product of the prosecutor, such as comments by the prosecutor concerning his trial strategy and his opinions of the strengths and weaknesses of his case, the recording will not be obtainable under *Gaskin.* If a recording falls in between the two extremes, the trial court will have the duty to review the recording in camera and make a determination as to what a defendant is entitled to receive under *Gaskin.* Following such a determination, a copy of the tape with the non-Gaskin discoverable portions excised may be delivered to the defendant, and, if available, a transcript of the portion of the recording which falls within the *Gaskin* rule should be furnished to the defendant. Obviously a determination of the application of the *Gaskin* rule will have to be made on a case by case basis. If the trial court deems such material not to be discoverable under *Gaskin* and the defendant raises the issue on appeal, the appellate court must examine the entire original tape recording. If the appellate court determines that the trial court erred in refusing to allow the defendant access to the material, the appellate court must go on to determine the harmfulness of the error, pursuant to the test enunciated earlier in this opinion. *Pinson v. State, supra; Mendoza v. State, supra; Hoffman v. State, supra; Moore v. State, supra.*

 We have reviewed the tapes in the instant case. The two tapes contain the entire interview between the prosecutor and Miller which occurred between 2:30 p.m. and 4:30 p.m. on April 12, 1982, and a ten minute portion of an interview which began at 10:48 a.m. on April 14, 1982. We agree with the Court of Appeals that the tape-recorded interviews are indeed the work product of the State. Clearly the purpose of the interview was to prepare the witness for his trial testimony. As the Court of Appeals correctly held:

"In the instant case, the tape recorded interviews are analogous to a prosecu-

tor's notes taken of an interview with a prospective witness and do not constitute 'statement' within the meaning of the *Gaskin* rule." *Cullen v. State*, supra, slip opinion at p. 8.

We further agree with the Court of Appeals that even if the tape-recorded interviews were subject to the *Gaskin* rule, reversible error is not present. Our examination of the recordings reveal that the contents of the interview were entirely consistent with Miller's testimony at trial. Thus appellant was not denied effective cross-examination or possible impeachment of the witness. *Mendoza v. State, supra; Hoffman v. State, supra; White v. State,* 496 S.W.2d 642 (Tex.Cr.App.1973); *Corbett v. State,* 493 S.W.2d 940 (Tex.Cr.App.1973). We overrule appellant's grounds of error.

The judgment of the Court of Appeals is affirmed.

ONION, Presiding Judge (concurring).

I concur in the result only. In my opinion the application for discretionary review was improvidently granted.

TEAGUE, J., joins this opinion.