**Kelly Shawn MAYFIELD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 07–87–0255–CR.**

Court of Appeals of Texas,
Amarillo.

Sept. 20, 1988.

372

C. R. Daffern, Amarillo, for appellant.

Randall Sherrod, Dist. Atty., Canyon (John L. Davis, Asst. Dist. Atty.), for appellee.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

BOYD, Justice.

Appellant Kelly Shawn Mayfield appeals from his conviction for resisting arrest and consequent court-assessed punishment of a $500 fine and forty-five days confinement in the Randall County jail. In two points of error,[1] appellant asserts that the trial court erred in: (1) overruling his instructed verdict motion, inasmuch as the evidence is insufficient to support the allegation of resisting arrest;[2] and (2) in refusing his request for inspection and use of reports prepared by police witnesses. We affirm the trial court's judgment.

Specifically, in his first point, appellant contends that the evidence is insufficient to support the element of using force against a police officer. We disagree.

---

1. Appellant's brief was filed after the date on and after which the contentions relied upon in criminal cases are to be expressed as points of error. Tex.R.App.P. 74(d). Although denominated as grounds, the contentions will be referred to as points of error.

2. By introducing evidence after his instructed verdict motion was overruled, appellant waived his argument that the trial court erred in overruling that motion. *Kuykendall v. State,* 609 S.W.2d 791, 794 (Tex.Crim.App.1980); *Shirley v. State,* 501 S.W.2d 635, 637 (Tex.Crim.App.1973). Nevertheless, we will review the sufficiency of the evidence.

On January 14, 1987, officers Landrum and Rhyne went to 4112 S. Hayden in Amarillo to serve a felony warrant on appellant's wife, Angela Mayfield. When they arrived at about 11:15 p.m., Landrum knocked on the front door. A person came to the front door, discovered what Landrum wanted, refused to open the door, told him that Angela was not there, and said that her location was none of his business. Landrum recognized this person's voice to be that of appellant. Landrum informed appellant that they believed that Angela was there and they would return later.

At about 12:50 a.m. the next morning, Landrum and four other officers returned to the house. In the meantime, they had discovered that there was a warrant for appellant's arrest on traffic tickets. Landrum knocked on the door and informed the occupants again that they were there to serve a felony warrant on Angela. Appellant then began shouting profanities and banging on the front door. After noticing that the occupants had gone to the rear of the house, Landrum went to the back door and knocked on it. Appellant then threatened Landrum. The officers retreated and a stake-out was ordered.

While Landrum was working several other calls, appellant left the house, drove a short distance, was chased by officers, drove to his back yard through the alley, jumped out of the car, and ran inside the house. The car was towed away at the request of officers at the scene.

At about 3:00 to 4:00 a.m., Landrum returned to the area and eventually positioned himself near the house. When two men exited the house and one entered a car, Landrum went to the car, shined a flashlight inside, and recognized appellant. While the door was open, Landrum told appellant that he was under arrest on a police department warrant. Appellant told Landrum that he could not be arrested on private property. When Landrum instructed appellant to step out of the car, appellant started the engine and fully accelerated the car. Noticing that the rear tires were spinning in the grass, Landrum jumped inside, but his legs were still out-side the door. Appellant attempted to "elbow" and "shoulder" him out of the car. Landrum managed to turn the ignition switch to the off position, and attempted to pull appellant out of the vehicle by his left arm as he was jerking away. Landrum reported that Officer Neufeld arrived and ran to the driver's side. Appellant started the engine again and fully accelerated the engine. Neufeld jumped on top of appellant and Landrum jumped on both of them. While their legs were partially outside the moving car, Neufeld moved the gear shift to the reverse position and the car died. Appellant tried to reach to his waistline, where it was later discovered that he possessed a knife. In what Landrum termed a "pretty violent struggle," he hit appellant two or three times in the groin area with his flashlight.

Officer Hanke arrived and observed appellant struggling with the officers and "flailing" his elbows as he exited the car. Hanke ran to the passenger side and assisted in handcuffing appellant. After appellant was handcuffed, he gave no other resistance until after they reached the police station. It was later discovered that the warrant for Angela had already been served but had not been removed from the warrant list.

■ In determining whether the evidence is sufficient to support a conviction for the offense charged, the standard of review we apply is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979). *See also Houston v. State,* 663 S.W.2d 455, 456 (Tex.Crim.App.1984); *Wilson v. State,* 654 S.W.2d 465, 471 (Tex. Crim.App.1983) (opinion on motion for rehearing). It is not necessary that every fact directly and independently point to the accused's guilt. It is enough if the conclusion is warranted by the combined and cumulative force of all the incriminating circumstances. *Thompson v. State,* 563 S.W.2d 247, 250 (Tex.Crim.App.1978);

*Flores v. State*, 551 S.W.2d 364, 367 (Tex. Crim.App.1977).

 The offense of resisting arrest consists of a person intentionally preventing or obstructing a person that the defendant knows is a peace officer from effecting that defendant's arrest by using force against the peace officer. *Jones v. State*, 606 S.W.2d 856, 858 (Tex.Crim.App. 1980) (opinion on motion for rehearing). The evidence is insufficient to establish resisting arrest where the accused merely pulls away from the arresting officer. *Young v. State*, 622 S.W.2d 99, 100–101 (Tex.Crim.App.1981); *Raymond v. State*, 640 S.W.2d 678, 679 (Tex.App.—El Paso 1982, pet. ref'd). However, the evidence has been held sufficient to establish force against a peace officer where the accused struck an officer with his fist, *Sample v. State*, 626 S.W.2d 515, 518 (Tex.Crim.App. 1981) (opinion on motion for rehearing), struggled with and drug officers about eight to ten feet, *Washington v. State*, 525 S.W.2d 189, 190–91 (Tex.Crim.App.1975), pushed and shoved officers and struggled with officers by "thrashing" about with his arms and feet, *Boughton v. State*, 631 S.W. 2d 818, 820 (Tex.App.—Fort Worth 1982, pet. ref'd), pushed, shoved, grabbed, and jerked the arm of an officer, *Jones v. State*, 620 S.W.2d 129, 130 (Tex.Crim.App. 1981), and struck, pushed, and struggled with an officer. *Humphreys v. State*, 565 S.W.2d 59, 61–62 (Tex.Crim.App.1978).

 Here, once appellant knew he was to be arrested, he attempted to drive away. After Landrum jumped in the car, appellant tried to "shoulder" and "elbow" him out of the car. Once the engine was turned off, Landrum stepped out of the car and attempted to pull appellant out by his arm while he jerked back. Appellant tried to drive away again but Neufeld stopped the car. Landrum described the ensuing struggle as "pretty violent." Appellant also reached for his waistline near a place where he possessed a knife. Hanke observed this struggle and said that appellant was "flailing" his elbows as he exited the car. Viewing this evidence in the light most favorable to the prosecution, the evidence of force used against the officers is amply sufficient to support the verdict. Point one is overruled.

In his second point, appellant says that the trial court erred in refusing production of police reports made in contemplation of a civil lawsuit. Again, we disagree.

A brief review of the facts relating to this point is necessary. Defense counsel notified the city, by letter dated February 12, 1987, that appellant's and Angela's rights had been violated on January 15, 1987, and they had suffered monetary damages. After receiving this notice, the city attorney requested the police chief to have the officers prepare further reports regarding the arrest of appellant and his wife. Six officers signed statements dated February 18, 1987. Of these officers, only Landrum, Womble, and Hanke testified at trial.

During trial, defense counsel was given two incident reports which were prepared by several of the officers involved in the arrest. Defense counsel also discovered the existence of the additional statements prepared in contemplation of civil litigation and moved for their production. At a hearing outside the presence of the jury, the city attorney objected to the production of the statements on the grounds of work product and the attorney-client privilege. After several witnesses testified, the court ruled that the reports would be privileged if the officers asserted the privilege. The trial court then sealed the reports in the event of an appeal. Thereafter, the three officers asserted the attorney-client privilege in front of the jury.

Appellant argues that the denial of access to the sealed reports deprived him of his right to cross-examine the officers and he is entitled to the reports under Rule 614 of the Texas Rules of Criminal Evidence.[3]

---

**3.** Rule 614(a) of the Texas Rules of Criminal Evidence provides:

 ... After a witness other than the defendant has testified on direct examination, the court, on motion of a party who did not call the witness, shall order the attorney for the state or the defendant and his attorney, as the case may be, to produce, for the examination and

With commendable candor, the State asserts that the attorney-client privilege and the work product rule cannot be asserted to prevent discovery under Rule 614(a), formerly the *Gaskin* rule. *See Gaskin v. State*, 353 S.W.2d 467 (Tex.Crim.App.1961). However, the prosecution argues that appellant did not show that the statements were in its possession since they were only in the city attorney's possession. We need not resolve these arguments because any error was harmless.

 If the accused moves for the production of *Gaskin* material, it is error for the trial court to fail to require production and access to the report or statement. Nevertheless, any error in failing to grant production must be examined by a harmfulness standard. In this connection, we must determine whether the accused was denied effective cross-examination or possible impeachment of a witness. *Cullen v. State*, 719 S.W.2d 195, 197 (Tex.Crim.App.1986); *Mendoza v. State*, 552 S.W.2d 444, 447 (Tex.Crim.App.1977); Tex.R.Crim.Evid. 614(a); Tex.R.App.P. 81(b)(2). Where sealed reports are consistent with trial testimony and virtually all information in the sealed report was developed at trial, any error in the failure to require production of a statement is harmless. *Stein v. State*, 514 S.W.2d 927, 933 (Tex.Crim.App.1974); *Howard v. State*, 505 S.W.2d 306, 310 (Tex. Crim.App.1974); *White v. State*, 496 S.W. 2d 642, 646 (Tex.Crim.App.1973); *Menke v. State*, 740 S.W.2d 861, 867 (Tex.App.— Houston [14th Dist.] 1987, no pet.).

 Here, we have carefully reviewed trial testimony and the sealed statements, which contain the two incident reports given to defense counsel in cross-examination and the statements made at the request of the city attorney dated February 18, 1987. The sealed reports, dated February 18, 1987, are consistent with the three witness-es' trial testimony and the incident reports possessed by the defense. The relevant matters were developed at trial and the other reports would be merely cumulative of that already elicited. Hence, appellant was not deprived of effective cross-examination or possible impeachment.[4] Point two is overruled.

In summary, all of appellant's points are overruled and, there being no reversible error, the trial court's judgment is affirmed.

---

use of the moving party, any statement of the witness that is *in their possession* and that relates to the subject matter concerning which the witness has testified. [Emphasis added].

4. Appellant argues that the failure to require production prevented effective cross-examination because the assistant city attorney told the judge that defense counsel "will annihilate [the officers] with that." However, the context of this statement clearly shows that the assistant city attorney was referring to the trial court's ruling that the three officers would be required to assert the attorney-client privilege in front of the jury.