Jerry B. **KEITH**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 07–95–0137–CR.

Court of Appeals of Texas,
Amarillo.

Jan. 26, 1996.

---

E. Dean Roper, Amarillo, for appellant.

Barry E. Blackwell, District Attorney, Dumas, for appellee.

Before REYNOLDS, C.J., and BOYD and QUINN, JJ.

REYNOLDS, Chief Justice.

In a jury trial, appellant Jerry B. Keith pleaded not guilty to, but was found guilty of, the offenses of indecency with a child by contact and aggravated sexual assault, for which the jury assessed respective punishments of ten years imprisonment, probated, and a $10,000 fine, both probated, and ten years imprisonment, probated, and a $10,000 fine. The trial court rendered two judgments consistent with the jury verdicts and, by its orders, enumerated the conditions of community supervision imposed upon appellant.

The resolution of appellant's five points of error, by which he seeks a reversal of the judgments, requires us to determine (1) whether there was reversible error in the failure to disclose to appellant exculpatory or impeachment information in violation of appellant's right to due process of law, and (2) whether the trial court erred in imposing certain conditions of community supervision upon appellant. Based upon the rationale expressed and the authorities cited, we will affirm both judgments after reforming them

by deleting certain conditions of community supervision imposed upon appellant.

The prosecution stemmed from a four-count indictment charging appellant with the offenses of indecency with a child and aggravated sexual assault, which involved two children under the age of 14. Counts two and four, alleging offenses against one of the child victims, were later dismissed, and the State proceeded to trial on the counts alleging offenses committed by appellant against A_____ M_____, the remaining child victim-complainant.[1]

The recorded evidence reveals that the trial court conducted a pretrial hearing at which the parties presented arguments concerning appellant's *Brady* motion to disclose exculpatory and mitigating or favorable evidence. *See Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Appellant asserted his belief that the district attorney's files contained statements made by the child victim-complainant and the other child victims which revealed inconsistencies in their respective versions of the facts; thus, the statements were "exculpatory or mitigating as to [him]," and the State had the obligation to disclose them to the defense. The State denied the existence of any such statements.

Following the hearing, the court granted appellant's motion, announcing that an in camera inspection of the district attorney's entire file would be made, counsel would be notified whether any *Brady* material in fact existed, and a copy of the file would be made and sealed in the record. In the forepart of the trial, the trial court notified counsel, outside the presence of the jury, that it had observed no *Brady* material in the district attorney's file. The copy of the file was marked as court's exhibit number 3 and made a part of the record.

During his cross-examination of Shannon Wilson, a child protective services (CPS) worker called by the State, appellant, again outside the presence of the jury, requested the disclosure of various documents in Wilson's possession. Appellant asserted that he was entitled to the material under *Brady*, or alternatively under the *Gaskin* rule, to impeach her credibility with respect to conclusions she had drawn about the consistency of the child victim-complainant's statements. *See Gaskin v. State*, 172 Tex.Cr.R. 7, 353 S.W.2d 467 (Tex.Cr.App.1961). After entertaining arguments and examining all of the documents Wilson had in her possession at trial, the court compelled disclosure of court's exhibit numbers 1 and 2A, which were Wilson's notes recording her interviews of the child victim-complainant and the other child victims, but did not require Wilson to disclose the remaining documents in her possession. Upon appellant's motion, the trial court ordered that the remaining documents be copied, sealed, marked as court's exhibit number 2, and made a part of the record. The separately sealed exhibits numbered 3 and 2 comprise a part of the appellate record.

In connection with his first-point contention that the State failed to disclose to him exculpatory, favorable, or impeaching evidence, appellant entreats us to examine exhibit number 3, the sealed copy of the district attorney's entire file, to determine whether it contains any *Brady* material which should have been, but was not, disclosed to him by the State. Then, in his second point of error, appellant specifically asserts that he was entitled to review exhibit number 2, because (1) he believes it contains *Brady* material, and (2) "based on the witness' preparation and review of the documents prior to her testimony, the documents should have been disclosed" to him pursuant to the *Gaskin* rule.

■ At the outset, we note that under the *Brady* decision, a prosecutor has an affirmative duty to turn over material, exculpatory evidence. *Ex parte Kimes*, 872 S.W.2d 700, 702 (Tex.Cr.App.1993) (*citing United States v. Bagley*, 473 U.S. 667, 676, 105 S.Ct. 3375, 3380, 87 L.Ed.2d 481, 490 (1985)). Impeachment evidence is considered to be favorable to the accused and is, therefore, subject to the mandatory disclosure dictates of *Brady*. *Etheridge v. State*, 903 S.W.2d 1, 20

1. The record reveals that a third child was involved in some of the events leading to the investigation into appellant's criminal behavior; however, the conduct forming the basis of this appeal involves only the child-victim complainant.

(Tex.Cr.App.1994), *cert. denied,* —— U.S. ——, 116 S.Ct. 314, 133 L.Ed.2d 217 (1995). However, failure to disclose impeachment evidence will only result in a constitutional violation if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. *Id.* A "reasonable probability" is a probability sufficient to undermine confidence in the outcome of the trial. *Ex parte Kimes,* 872 S.W.2d at 702. Thus, a due process violation has occurred if: (1) the prosecutor failed to disclose evidence; (2) the evidence is favorable to the defendant; and (3) the evidence is material, such that there is a reasonable probability that, had the evidence been disclosed to the defense, the outcome of the trial would have been different. *Id.*

Applying the preceding principles, we have examined in its entirety exhibit number 3, a copy of the district attorney's file. From that examination, we conclude that the trial court correctly determined that the file contained no exculpatory, mitigating or favorable evidence that should have been, but was not, disclosed to appellant. *Castro v. State,* 562 S.W.2d 252, 258 (Tex.Cr.App.1978). Appellant's first point of error is overruled.

■■■ We are similarly unpersuaded to accord reversible error to appellant's second-point assertion that, pursuant to the *Gaskin* rule, he was entitled to review exhibit number 2 for the purpose of impeachment or discovering prior inconsistent statements made by witnesses or possible *Brady* material. The *Gaskin* rule provides that when a State's witness has made a report or has given a statement prior to testifying, the defendant, after a timely request, is entitled to inspect and use such prior available report or statement for cross-examination and impeachment purposes, even though the witness may not have used the instrument to refresh his memory.[2] *Cullen v. State,* 719 S.W.2d 195, 196 (Tex.Cr.App.1986). If the accused moves for the production of *Gaskin* material, it is error for the trial court to fail to require production and access to the mate-

rial. Nevertheless, any error in failing to grant production must be examined by a harmfulness standard. In this connection, we must determine whether the accused was denied effective cross-examination or possible impeachment of a witness. *Id.; Mayfield v. State,* 758 S.W.2d 371, 375 (Tex.App.—Amarillo 1988, no pet'n).

Wilson testified that she personally prepared court's exhibits 1 and 2A and that, at her direction, the remaining documents comprising court's exhibit 2 were prepared by her secretary. Wilson further stated that, though court's exhibits numbers 1 and 2A were summaries of the remaining documents contained in court's exhibit number 2, the summaries contained some of the information from the other documents, "[b]ut not all of it."

■■ Assuming, *arguendo,* that the documents comprising court's exhibit number 2 were *Gaskin* material, the court erred in failing to require their disclosure to the defense. *Cullen v. State,* 719 S.W.2d at 196–97. However, where sealed reports are consistent with trial testimony and virtually all information in the sealed report was developed at trial, any error in the failure to require production of a statement is harmless. *Stein v. State,* 514 S.W.2d 927, 933 (Tex.Cr.App.1974); *Mayfield v. State,* 758 S.W.2d at 375.

We have carefully reviewed the trial testimony and the sealed documents comprising court's exhibit number 2, and have concluded that the sealed documents are consistent with Wilson's trial testimony. Furthermore, the relevant matters were developed at trial, and the other documents in court's exhibit number 2 would have been merely cumulative of that already elicited, or did not pertain to the matter about which Wilson testified. *See Williams v. State,* 542 S.W.2d 131, 138 (Tex.Cr.App.1976). Consequently, appellant was not deprived of effective cross-examination or possible impeachment. *Id.* Appellant's second point of error is overruled.[3]

---

**2.** The *Gaskin* rule has now been codified in rule 614 of the Texas Rules of Criminal Evidence.

**3.** At submission, appellant filed a written motion requesting that the sealed records be unsealed for review by this Court, which has been done,

With his third, fourth and fifth points of error, appellant challenges various conditions imposed by the trial court in ordering his community supervision under both judgments. The points will be addressed in inverse order.

Appellant's fifth-point complaint is that the trial court erred in imposing condition 16f, which requires him to waive, and not contest, extradition to Texas from any jurisdiction where he may be found. He contends the condition is unconstitutional because there is no provision in the community supervision statute which would allow this type of condition. *See* Tex.Code Crim.Proc.Ann. art. 42.12 (Vernon Supp.1996).

Appellant's fourth-point complaint is that the trial court erred in imposing condition 18G requiring him to "[p]ay all costs of therapyt (sic) and medical treatment incurred by A_____ M_____ as a result of your criminal conduct." Appellant contends that the condition is without limitation and, therefore, overbroad, ambiguous and unenforceable, because the court is only authorized to "require the probationer to pay all or a part of the reasonable and necessary costs incurred by the victim for counseling made necessary by the offense, on a finding that the probationer is financially able to make payment." Further, the payments ordered to be made are "for a period not to exceed one year after the date on which the order is made." Tex.Code Crim.Proc.Ann. art. 42.12, § 14(b) (Vernon Supp.1996).[4]

The State concedes the trial court erred, though not reversibly so, in imposing conditions 16f and 18G, and that the judgments should be reformed by removing those conditions of community supervision. Given the State's concessions of error, we will sustain appellant's points of error four and five without addressing their merits, and modify the judgments by deleting community supervision conditions 16f (extradition) and 18G

and that the records be made available for review by him and the State. Appellant does not advance any reason why the records, after having been reviewed by two levels of the judiciary, should be made available for his and the State's review and, to this extent, the motion is overruled.

(costs of therapy). Tex.R.App.P. 80(b)(2). *See also, Ex parte Pena,* 739 S.W.2d 50, 51 (Tex.Cr.App.1987).

■■■ Among the other conditions of community supervision imposed under the judgment of appellant's conviction for aggravated sexual assault, the trial court required appellant to

11. Pay your fine, the costs of court, supervision fee, restitution, and other court ordered fees in the following amounts:

*$10,000* (fine) payable within 10 days

\* \* \* \* \* \*

*$1,000* (Other–*Abused Children's Counseling Fund* ) payable within 10 days[.]

By his third point of error, appellant contends the trial court "was without authority to impose as a condition of probation that Appellant pay his ten thousand dollar fine within ten days of the judgment," and "to assess the one thousand dollar payment to the abused children counseling fund." He submits that the court was limited to reasonable conditions designed to protect or restore the community and the victim, or to punish, rehabilitate, or reform the defendant. Tex. Code Crim.Proc.Ann. art. 42.12, § 11(a) (Vernon Supp.1996). Appellant adds that the court was only authorized, after considering the ability of the defendant to pay, to order the payment of fines, court costs, restitution to the victim, and other conditions related personally to the rehabilitation of the defendant or otherwise expressly authorized by law. Tex.Code Crim.Proc.Ann. art. 42.12 § 11(b) (Vernon Supp.1996). He then contends that because the court did not consider his ability to pay a $10,000 fine within the ten day period, and the $1,000 payment to the Abused Children's Counseling Fund was not authorized, the judgment should be reformed to delete the ten day requirement for payment of the $10,000 fine, and the $1,000

4. Appellant's citation to article 42.12, § 14(b) of the Code of Criminal Procedure, obviously is to the first of the two sections in the Code numbered 14, which is entitled "Child Abusers, Sex Offenders, and Family Violence Offenders; Special Conditions." Act of May 7, 1993, 73rd Leg., R.S., ch. 165, 1993 Gen.Laws 318.

payment to the Abused Children's Counseling Fund.

■■■ The State parries that appellant's contention is premature, and that the condition of community supervision to pay the $10,000 fine within ten days is "only open to appeal when and if Appellee were to move to revoke the probation of the Appellant based on a violation of such term." To the contrary, the proper means to challenge the validity of a condition of community supervision imposed at conviction is by appeal from that conviction, *Vasquez v. State,* 779 S.W.2d 515 (Tex.App.—Austin 1989, no pet'n), and, conformably, we will address appellant's contention.

The State, as is obvious from its reply of prematureness only, does not defend the condition of the $1,000 payment to the Abused Children's Counseling Fund as being among the enumerated conditions of community supervision, nor as one personally related to the rehabilitation of appellant. However worthwhile the Abused Children's Counseling Fund may be, it is not one of the entities named in the statute to which a payment is authorized to be made as a condition of community supervision and, consequently, it is impermissible. *Armijo v. State,* 751 S.W.2d 950, 954 (Tex.App.—Amarillo 1988, no pet'n). Therefore, the condition must be deleted from the judgment.

■■■ With respect to the requirement that the $10,000 fine be paid within ten days, section 11(b), *supra,* provides that the trial "court shall consider the ability of the defendant to make payments in ordering the defendant to make payments under this article." The record does not reveal that the trial court conducted a hearing, nor pursued any other course of action, to determine appellant's ability to pay the $10,000 fine within ten days of the date of judgment. Nor have we unearthed any evidence in the record of appellant's ability to meet the ten day payment requirement. *Cf. Chauncey v. State,* 837 S.W.2d 179, 184 (Tex.App.—El Paso

1992), *aff'd,* 877 S.W.2d 305 (Tex.Cr.App. 1994) (where there was evidence of appellant's and his wife's monthly income, appellate court presumed the trial court properly considered the probationer's ability to pay as required by article 42.12).

■■ The statute makes it clear that before the trial court orders the probationer to make authorized payments, the court must first consider the probationer's ability to pay. It follows that without that consideration, the court is not authorized to order the payments. Thus, the requirement that appellant pay the $10,000 fine within ten days, the only complaint appellant makes about the condition, is an invalid imposition, and the proper remedy is to reform the judgment by deleting the requirement that the fine be paid within ten days. *Ex parte Pena,* 739 S.W.2d at 51. Appellant's third point of error is sustained.[5]

Accordingly, the judgment of appellant's conviction for the offense of indecency with a child is reformed by deleting the community supervision conditions 16f and 18G; and the judgment of his conviction for the offense of aggravated sexual assault is reformed by deleting from the community supervision conditions (1) the requirements in condition 11 of the payment of $1,000 to the Abused Children's Counseling Fund and of the ten day period for payment of the $10,000 fine, and (2) conditions 16f and 18G. As reformed, each judgment is affirmed.

---

5. We have not overlooked appellant's oral assertion, made at the submission of this appeal on oral argument, that the trial court's imposition of 1,000 hours of community service as a condition of community supervision is unconstitutionally unreasonable. Yet, this complaint was not made the subject matter of a point of error upon which the appeal was predicated and, consequently, we do not address it. Tex.R.App.P. 74(d).