**Robert CABLA, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 14–96–00249–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 13, 1998.

Cynthia McMurrey, Cynthia J. Cline, Houston, for appellant.

Kell Pool Roper, Houston, for appellee.

Before YATES, AMIDEI and EDELMAN, JJ.

### OPINION

EDELMAN, Justice.

Robert Cabla appeals a conviction for second degree theft on the ground that the trial court could not order restitution for debts which had been discharged in bankruptcy. We affirm.

### Background

While in the construction business, appellant received advance payments on construction contracts he ultimately failed to perform. In December of 1994, he declared bankruptcy and alleges that his debts for the unperformed construction contracts were discharged in that proceeding. In March of 1995, appellant was indicted for theft of the funds he received in payment of some of the construction contracts. In February of 1996, appellant was convicted by the trial court of

---

**29.** *See Guardian Royal,* 815 S.W.2d at 231.

theft and, as a condition of probation, was ordered to pay restitution to several complainants.

■ Appellant contends that, because the debts to be repaid by this restitution were previously discharged in bankruptcy, the restitution order is an attempt to collect a discharged debt which improperly intrudes on the power of Congress to regulate the discharge of debts through the bankruptcy process. Appellant thus asks this court to vacate the restitution order, reverse his conviction, and remand the case to the trial court for a new trial.

■ A judge has discretion to order a defendant to pay restitution to the victim as a condition of probation. See TEX.CODE CRIM. PROC. ANN. art. 42.12 § 11(a), (b) (Vernon Supp.1998); Martin v. State, 874 S.W.2d 674, 676 (Tex.Crim.App.1994).[1] Once restitution is imposed, a subsequent bankruptcy does not discharge the obligation. See Kelly v. Robinson, 479 U.S. 36, 50, 107 S.Ct. 353, 93 L.Ed.2d 216 (1986) (interpreting section 523(a)(7) of the Bankruptcy Code to preserve from discharge "any condition a state criminal court imposes as part of a criminal sentence"); United States v. Caddell, 830 F.2d 36, 39 (5th Cir.1987) (stating that Kelly extends to penal sanctions of restitution without regard to whether the court imposing the sanction is a state or federal court); see also 11 U.S.C.A. § 523(a)(13) ("A discharge under ... this title does not discharge an individual debtor from any debt ... for any payment of an order of restitution under title 18, United States Code."). Similarly, the Fifth Circuit has expressly rejected the contention that restitution may not be ordered as to debts which have previously been discharged in bankruptcy:

[A] bankruptcy proceeding and a criminal prosecution are fundamentally different proceedings, both in purpose and procedure, and the causes of action resolved by each are totally different.... The pursuit of one proceeding will seldom resolve the other.... As such, we do not believe that a bankruptcy discharge has any effect on the district court's power to order restitution in a criminal case.

See United States v. Pepper, 51 F.3d 469, 473–74 (5th Cir.1995) (citations omitted).[2]

In this case, appellant has cited and we have found no authority prohibiting a trial court from ordering a criminal defendant to pay restitution as a condition of probation because the debt has been discharged in bankruptcy. Nor has appellant afforded us any other reason to depart from the decisions of the federal courts on this application of federal bankruptcy law. Because appellant has therefore not demonstrated that the trial court's order of restitution as a condition of probation was an abuse of discretion, his sole point of error is overruled, and the judgment of the trial court is affirmed.

---

1. Appeal of the conviction for which probation was imposed is the proper means to challenge the validity of a condition of probation. See Ex Parte Clore, 690 S.W.2d 899, 900 (Tex.Crim.App. 1985); Keith v. State, 916 S.W.2d 602, 608 (Tex. App.—Amarillo 1996, no pet.).

2. See also United States v. Carson, 669 F.2d 216, 217 (5th Cir.1982) (holding that federal court did not abuse its discretion in ordering criminal defendant to pay restitution after defendant's debt had been discharged in bankruptcy because the principal aim of restitution is not to make the victim whole but to punish and rehabilitate the defendant).