Affirmed and Memorandum Opinion filed January 30, 2003









Affirmed and Memorandum Opinion
filed January 30, 2003.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-02-00275-CR

_______________

 

HOWARD DEVENPORT, III, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On
Appeal from 185th District Court

Harris County, Texas

Trial
Court Cause No. 876,084

                                                                                                                                                

 

M E M O R A N D
U M  O P I N I O N

 

Appellant, Howard Devenport, III, was found guilty of
burglary and, with enhancements, was sentenced to twenty-eight years= imprisonment.  In three issues, he contends that: (1) the
evidence was legally insufficient; (2) the evidence was factually insufficient;
and (3) the trial court erred in disallowing defense counsel to view a witness=s statement immediately after the
State=s direct examination.  We affirm.








                                                               Background

Chad Ellis, the victim in this case and a Houston police
officer, left his garage door open one night while he visited a friend=s home.  Upon returning home, he noticed that a
motion-activated light was on in his garage and a weed trimmer was
missing.  After confirming that his wife
and child had not recently entered the garage, he noticed a man crouched across
the street, weed trimmer in hand.  Ellis
retrieved a handgun, ran after the man, and found him entering a car parked
around the corner.  Two weed trimmers
were in the car; one belonged to Ellis. 
The man in the car, Devenport, ran a short distance, but then returned
to the car.  He pleaded with Ellis to let
him go and offered Ellis money.  When
Ellis identified himself as a police officer and accused Devenport of entering
his home, Devenport replied, AI didn=t go into your home, sir. 
I just went into your garage.@

                                             Sufficiency of the Evidence

In his first two issues, Devenport challenges the legal and
factual sufficiency of the evidence to support his conviction.  Specifically, he argues that he was wearing a
dark blue shirt on the night of the burglary, though Ellis described the
burglar as wearing a white shirt.

When reviewing the legal sufficiency of the evidence, we view
the evidence in the light most favorable to the verdict and decide whether a
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Wilson v.
State, 7 S.W.3d 136, 141 (Tex. Crim. App. 1999) (citing Jackson v.
Virginia, 443 U.S. 307, 319 (1979)). 
We accord great deference A>to the responsibility of the trier of
fact [to fairly] resolve conflicts in the testimony, to weigh the evidence, and
to draw reasonable inferences from basic facts to ultimate facts.=@ 
Clewis v. State, 922 S.W.2d 126, 133 (Tex. Crim. App. 1996)
(quoting Jackson, 443 U.S. at 319). 
We presume that any conflicting inferences from the evidence were
resolved by the jury in favor of the prosecution, and we defer to that
resolution.  Id.  








In reviewing the factual sufficiency of the evidence, we view
all the evidence in a neutral light, both for and against the finding, and set
aside the verdict only if Aproof of guilt is so obviously weak as to undermine confidence
in the jury=s determination, or the proof of
guilt, although adequate if taken alone, is greatly outweighed by contrary
proof.@ 
Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).  We review the fact finder=s weighing of the evidence and are
authorized to disagree with the fact finder=s determination.  Clewis, 922 S.W.2d at 133.  Our review, however, must be appropriately
deferential so as to avoid substituting our own judgment for that of the fact
finder.  Jones v. State, 944
S.W.2d 642, 648 (Tex. Crim. App. 1996). 

In this case, Ellis specifically identified Devenport as the
man he saw crouched across the street and as the man who admitted entering his
garage.  Taken in the light most
favorable to the verdict, Ellis=s testimony is legally sufficient evidence to support
identification of Devenport as the burglar. 
Reviewing all the evidence in a neutral light, Ellis also testified as
follows regarding the burglar=s clothing color:

Q:        And how was the person dressed?

A:        I think a white top and a Bthe
bottom wasB I want to say it was blue, maybe a satiny or shiny
material.  It was blue.

Q:        Blue pants, you mean?

A:        I don=t recall if it was shorts or long
pants.  I can=t recall.  I want to say a white, maybe a t-shirt, and
then blue bottoms.








Devenport introduced the blue shirt and blue jeans he wore that night,
which had been in police custody since his arrest.  He also testified that a stranded motorist,
whom he had offered a ride, stole the weed trimmers but ran away when Devenport
protested.  Devenport testified that this
unknown man wore a beige or white shirt. 
Devenport also admitted to four previous burglary convictions, which the
State argued damaged his credibility. 
During deliberations, the jury requested that Ellis=s testimony about the color of the
burglar=s clothing be read.  Apparently, the jurors concluded that the
discrepancy regarding clothing color was not fatal to Ellis=s identification of Devenport.  Because the credibility of proffered
testimony is within the jury=s province, Fuentes v. State, 991 S.W.2d 267, 271
(Tex. Crim. App. 1999), and because the jury apparently disbelieved Devenport=s version, see Sharp v. State,
707 S.W.2d 611, 614 (Tex. Crim. App. 1986) (jury may choose to disbelieve any
portion of witnesses= testimony), we defer to its finding.  There is factually sufficient evidence
identifying Devenport as the burglar. 
Accordingly, we overrule issues one and two.

                                                        Witness Statement

In his third issue, Devenport contends the trial court
violated Texas Rule of Evidence 615 in failing to require the State to produce
Chad Ellis=s witness statement immediately after
he testified in the State=s case-in-chief.  Ellis
testified that after the burglary, he typed a witness statement on a computer
in the sheriff=s office.  Defense counsel requested the statement, but
the State did not have it in the courtroom. 
The trial court refused to suspend trial while the statement was
located.  Instead, she instructed defense
counsel to begin cross-examination on Ellis=s trial testimony while the statement
was located.[1]  Devenport=s counsel refused to cross-examine
without first obtaining the statement. 
He later called Ellis during Devenport=s case-in-chief, although it is unclear
from the record whether he had obtained Ellis=s statement by then.








If requested, the trial court must order production of a
witness statement after the witness has testified on direct examination.  See Tex.
R. Evid. 615(a).  In this case,
the trial court clearly said that the State was to do its Avery best to find the statement . . .
.@ 
Further, A[u]pon delivery of the statement to the moving party, the
court . . . shall recess proceedings in the trial for a reasonable examination
of such statement and for preparation for its use in the trial.@ 
Tex. R. Evid. 615(d).  Here, the trial court refused to recess while
the statement was located, although it is unclear (1) whether the statement was
ultimately located; or (2) that Devenport was not given time to examine it. 

Assuming that the trial court violated Rule 615, Devenport
must show harm.  Jenkins v. State,
912 S.W.2d 793, 804 (Tex. Crim. App. 1993). 
Devenport contends he was harmed because the trial court implied, in the
jury=s presence, that his counsel was
obstructionist.  He further claims the
net effect of the trial court=s refusal to recess and to ask the State to abide by the
rules in equal measure prejudiced the jury against him.  However, in determining harm from a violation
of Rule 615, Awe must determine whether the accused
was denied effective cross-examination or possible impeachment of a witness.@ 
Mayfield v. State, 758 S.W.2d 371, 375 (Tex. App.CAmarillo 1988, no pet.).  There is no harm when a witness=s 
statement is consistent with the witness=s testimony.  Cullen v. State, 719 S.W.2d 195, 199
(Tex. Crim. App. 1986).  Further, to
demonstrate harm, the appellant must provide the alleged statement in the
record, Williams v. State, 940 S.W.2d 802, 806 (Tex. App.CFort Worth 1997, pet. ref=d), or show that he was denied the
opportunity to make the statement a part of the record.  Johnson v. State, 919 S.W.2d 473, 479
(Tex. App.CFort Worth 1996, pet. ref=d). 
Devenport has done neither; thus, he presents nothing for review.  Accordingly, we overrule issue three.

Having overruled all three issues, we affirm the trial court=s judgment.

 

 

/s/        Charles W. Seymore

Justice

 

Judgment rendered
and Memorandum Opinion filed January 30, 2003.

Panel consists of
Justices Edelman, Seymore and Guzman.

Do Not Publish C Tex.
R. App. P. 47.2(b)











[1]  The trial
court stated, AWe=ll see if we can=t find
the statement.@  The trial
court also instructed Devenport=s counsel, AWe=re going to find it. 
Go ahead and start your cross-examination.@