Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio


# MEMORANDUM OPINION

Nos. 04-11-00856-CR & 04-11-00857-CR

Lee A. **ARRELLANO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 437th Judicial District Court, Bexar County, Texas
Trial Court Nos. 2007CR7862 & 2007CR7863
Honorable Lori I. Valenzuela, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:        Catherine Stone, Chief Justice
                Karen Angelini, Justice
                Marialyn Barnard, Justice

Delivered and Filed:  October 17, 2012

AFFIRMED

Lee A. Arrellano was convicted by a jury of resisting arrest and assault of a peace officer.

On appeal, Arrellano contends the trial court erred in ordering him to produce a written statement

he prepared on his computer about the events leading to his arrest.  Arrellano asserts that he did

not use the statement to refresh his memory; therefore, the trial court abused its discretion in

ordering him to produce it under Texas Rule of Evidence 612.  Alternatively, Arrellano asserts

that he could not be required to produce the statement under Texas Rule of Evidence 615, which

he argues should control over Texas Rule of Evidence 612 in deciding whether the statement had to be produced. Because we hold the trial court did not abuse its discretion in ordering the production of the statement pursuant to Texas Rule of Evidence 612, we affirm the trial court's judgments.

## BACKGROUND

At the beginning of the State's cross-examination of Arrellano, the following exchange occurred with regard to the statement:

Q.     Did you make any written statements about what happened that night after this happened?

A.     Just from my own recollection.

Q.     You didn't write anything down?

A.     I wrote down from my own recollection on my laptop.

Q.     Did you review that before you came to testify today?

A.     I review it quite frequently.

[Prosecutor]:  Okay.  Judge, I would like a copy of that pursuant to 615.

THE COURT:  Okay.

[Defense Counsel]:  I was not aware it existed Your Honor.  So I know we don't have a copy here.

THE COURT:  Okay.  Is there any way to obtain a copy before the end of Mr. Arrellano's cross-examination?

[Defense Counsel]:  He would have to go home.  And his wife is here so — he would have to go home and get it and bring it back.  The only way we can do that would be tomorrow morning, Your Honor.  Since we're ten minutes to 4 now.

THE COURT:  Okay.

[Prosecutor]:  I can proceed now and then depending on time, maybe take a break. But I would like him instructed to bring that tomorrow morning.

THE COURT: Okay. Very well then. So instructed then. Please have Mr. Arrellano make a copy of it and bring it in the morning.

The following morning, when defense counsel objected to the production of the statement under Rule 615, the State argued that the statement was subject to production under Rule 612. After the trial court reserved its ruling on the production of the statement, the prosecutor asked Arrellano if he brought the statement with him to court. Arrellano responded that he brought the statement, but he did not read the statement the prior evening. After the trial court ordered the statement to be produced, the prosecutor asked Arrellano when he last reviewed the statement, and Arrellano responded a week before trial. Arrellano also stated that he had reviewed the statement may times over the past four years.

## DISCUSSION

"A trial judge's decision on the admissibility of evidence is reviewed under an abuse of discretion standard and will not be reversed if it is within the zone of reasonable disagreement." *Tillman v. State*, 354 S.W.2d 425, 435 (Tex. Crim. App. 2011). Under Rule 612 of the Texas Rules of Evidence, an adverse party is entitled to have a writing produced if a witness uses the writing to refresh the witness's memory before testifying in a criminal case. TEX. R. EVID. 612. Under Rule 615, a party may move to have produced any statement of a witness, other than the defendant, that relates to the subject matter concerning which the witness testified. TEX. R. EVID. 615. A definition of the term "statement" is included in the rule. *Id*.

Arrellano initially contends that Rule 612 is not applicable because he did not use his statement to refresh his memory. Arrellano testified, however, that he had reviewed the statement numerous times in the four years before trial and as recently as a week before trial. Accordingly, the trial court did not abuse its discretion in concluding that Arrellano used the statement to refresh his memory before testifying.

Arrellano next contends that the admissibility of the statement should be governed by Rule 615 and not Rule 612. Arrellano relies on the doctrine of *in pari materia*, arguing that the two rules pertain to the same subject matter; therefore, Rule 615, which is the more detailed rule, should control over Rule 612, the more general rule. *See State v. Vasilas*, 253 S.W.3d 268, 272-73 (Tex. Crim. App. 2008) (holding doctrine of *in pari materia* is rule of statutory construction applicable to two statutes that have the same purpose or object and "'provides that where one statute deals with a subject in general terms, and another deals with a part of the same subject in a more detailed way, the two should be harmonized if possible; but if there is any conflict, the latter will prevail'") (quoting 67 TEX. JUR. 3d *Statutes* § 133 (Supp. 2008)). The State responds that the doctrine does not apply because Rule 612 and Rule 615 do not have the same purpose and apply in different situations.

Rule 612 is intended to enable an adverse party to inspect any writing used by a witness to refresh his or her memory for purposes of cross-examining the witness and introducing into evidence those portions of the writing that relate to the testimony of the witness. TEX. R. EVID. 612. Thus, Rule 612 applies only if a writing is used by a witness to refresh his memory. *See Pondexter v. State*, 942 S.W.2d 577, 582 (Tex. Crim. App. 1996). The purpose of allowing an adverse party to inspect any writing used by a witness to refresh his or her memory is to test the credibility of the testifying witness or for impeachment. *Robertson v. State*, 871 S.W.2d 701, 709 (Tex. Crim. App. 1993); *Powell v. State*, 5 S.W.3d 363, 381-82 (Tex. App.—Texarkana 1999, pet. ref'd). Similarly, the purpose for requiring the production of a statement under Rule 615 is "for the purpose of impeachment or discovering prior inconsistent statements made by witnesses or possible *Brady* material." *Keith v. State*, 916 S.W.2d 602, 606 (Tex. App.—Amarillo 1996, no pet.).

- 4 -

The key distinction between Rule 612 and Rule 615 is that Rule 612 requires the production of "any writing" used to refresh a witness's memory, while Rule 615 requires only the production of "statements" as defined in Rule 615. *See Newsome v. State*, 829 S.W.2d 260, 263-64 (Tex. App.—Dallas 1992, no writ). A writing used to refresh a witness's memory may not meet the definition of "statement" contained in Rule 615, yet Rule 612 still requires the writing to be produced because of the witness's use of it. Similarly, a witness may not use a "statement" to refresh his or her memory before testifying; however, Rule 615 still requires that the statement be produced. *See Cullen v. State*, 719 S.W.2d 195, 196 (Tex. Crim. App. 1986) (noting *Gaskin* rule, which is incorporated into Rule 615, requires production of a statement given by a witness prior to testifying "even though the witness may not have used the instrument to refresh his memory"); *Patterson v. State*, Nos. 01-07-00259-CR & 01-07-00260-CR, 2008 WL 340449, at *2 (Tex. App.—Houston [1st Dist.] Feb. 7, 2008, no pet.) (holding statement not used to refresh a witness's memory was not required to be produced under Rule 612 but was required to be produced under Rule 615) (not designated for publication). Accordingly, although the general purpose for both rules is to provide material which may be used to impeach a witness, the rules are applicable to different types of materials. *Cf. Dixon v. State*, 2 S.W.3d 263, 271 (Tex. Crim. App. 1998) (op. on reh'g) ("While Tex. R. Crim. Evid. 608 and Rule 612(b) deal with the same general subject matter of impeaching witnesses, they nevertheless are distinct rules which serve different purposes."). In this case, based on the testimony presented, the trial court could have found Arrellano used the statement he prepared to refresh his memory before testifying; accordingly, the trial court did not abuse its discretion in ordering the statement produced under Rule 612.

## CONCLUSION

The trial court's judgments are affirmed.

Catherine Stone, Chief Justice

DO NOT PUBLISH