The **STATE** of Texas, Appellant,

v.

Harold Farrell **REYNOLDS**, III, Appellee.

No. 01–93–00937–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 26, 1995.

John F. Healey Jr., J. Sidney Crowley, Katherine M. Holton, Fort Bend, for appellant.

Theda Harley Lambert, Austin, for appellee.

Before OLIVER–PARROTT, C.J., and MIRABAL and O'CONNOR, JJ., concur.

## OPINION

O'CONNOR, Justice.

A jury convicted Harold Farrell Reynolds, III, the appellee, of burglary of a habitation with intent to commit aggravated assault, assessed punishment at 40–years confinement, and set a fine. The appellee filed a motion for new trial which the trial court granted. The State appeals. We affirm the order granting a new trial and remand to the trial court for a new trial.

## Fact Summary

The appellee and Julianna Reynolds (Reynolds) were divorced in September 1992. After the divorce, the appellee had problems dealing with Reynolds, who had a boyfriend, about visitation and other matters. After the appellee threatened to kill them, Reynolds obtained a protective order against the appellee. On the evening before the offense, Reynolds refused to allow the appellee to pick up the couple's children for visitation. The appellee kicked at the door of her house, and Reynolds' boyfriend told him to leave.

The next day, the appellee left a letter and suitcase full of pictures, personal documents, and other belongings at Reynolds' place of business. From there, the appellee went to Reynolds' house and drove his car through it, ending up in the master bedroom. When sheriff's deputies arrived, they found the house had been demolished—there were holes in the walls, Reynolds' furniture had been slashed with a knife, her electronic equipment had been destroyed with a hammer, and her dishes had been broken. They found the appellee unconscious in the living room suffering from self-inflicted knife wounds in his abdomen. The appellee was hospitalized for a month. At trial, the appellee testified he did not remember anything about the incident.

## Motion For New Trial

Before trial, the appellee filed a motion and secured an order of discovery. The court ordered the State to produce, one week before trial, all written or recorded statements made by the appellee, and any exculpatory evidence. During trial, defense counsel asked the State to produce any suicide note. The State claimed there was no suicide note.

The appellee subpoenaed Reynolds to appear at trial and produce documents in her possession. Either the day before trial or the day of trial, Reynolds delivered a letter to the State written by the appellee addressed to his children. The letter Reynolds produced was put in the State's file, which remained on the prosecutor's table during the trial. The State did not give a copy of the letter to the appellee. At trial, Reynolds testified that the correspondence of the appellee's was destroyed in a fire.

After sentencing, the defense counsel discovered the letter when he examined the evidence file at the sheriff's office. Because of the letter, the appellee filed a motion for new trial based primarily on the claim of newly discovered evidence.[1] See Tex. R.App.P. 30(b)(6). The appellee contends he did not remember writing the letter because after the accident he suffered memory loss. The letter reads:

Harold II and Heidi

8 Oct 92

I love you and miss you with all my heart. The best I can do for you both so your mother and Mick stop using you to hurt me and to end the fear is to not exist.

Remember–Always put God *FIRST* in everything you do and he will protect, guide and bless you. Pray everyday with a sincere heart and believe.

Only our heavenly father knows my pain and Love for you because he is *our Father*.

I ask you to pray that he will forgive all my sins and I ask him to protect and guide you always.

Harold II and Heidi you have not done anything wrong. This is not your fault at all, when you grow older, you'll understand how much I loved you and wanted to be with you, you will know because God will show you.

Remember me in your heart.

Good by [sic] my precious children. Forgive me and pray for me.

1. In his motion for new trial, the appellee asserted the following grounds for a new trial: (1) newly discovered evidence; (2) error in denying the appellee's motion to dismiss based on the State withholding exculpatory evidence; (3) erroneous instruction regarding deadly weapons; (4) erroneous instruction about the admission of extraneous evidence; (5) erroneous instruction about the admissibility of a lay person's testimony regarding the defendant's state of mind; and (6) erroneous instruction about the law on the defendant's state of mind at the time of the alleged offense.

You're the Best Son and Daughter in the whole world and I not only Love you, I am proud of you.

All my Love Eternally

Daddy

/s/Harold F. Reynolds

The appellee contends the letter is evidence that he intended to kill himself and allow his children to live with their mother and her boyfriend. The appellee argues that the letter is material to the issue of his intent to commit aggravated assault on Reynolds and her boyfriend.

## Order for New Trial

In its only point of error, the State contends the trial court abused its discretion in granting the appellee's motion for new trial.

■ The decision to grant or deny a motion for new trial is left to the sound discretion of the trial court. *State v. Gonzalez*, 855 S.W.2d 692, 696 (Tex.Crim.App. 1993); *State v. Adams*, 860 S.W.2d 737, 740 (Tex.App.—Houston [1st Dist.] 1993, no pet.). Motions for new trials on grounds of newly discovered evidence are not favored by the courts and are viewed with great caution. *Adams*, 860 S.W.2d at 740.

With respect to the granting of a new trial, TEX.R.APP.P. 31(e)(2) provides,

The judge shall not sum up, discuss or comment on evidence in the case. The judge shall grant or refuse the motion for new trial.

In spite of that prohibition, at the close of the motion for new trial hearing, the judge said:

In my opinion there has not been due diligence on the part of defense counsel. But, I can't prejudice the defendant because of that. So, in my opinion, there should be a new trial granted based upon new evidence favorable to the accused that has been discovered since the trial. So the motion for new trial is granted.

Later, the State asked the judge if he was going to make findings of fact.

Court: I have already stated on the record that it was newly discovered evidence favorable to the defendant.

State: That's fine. You also said, though, that she did not use due diligence in finding it or locating it and therefore, but you are still going to grant it.

Court: I'm saying in the interest of justice on behalf of the defendant I'm going to grant it.

In the order, the trial court did not specify the ground on which the new trial was granted.

■ In our review of the State's point of error, we consider whether the trial judge abused his discretion by granting the motion for new trial based on the appellee's motion. In our review, we will not consider the statements of the trial court that relate to its rationale for granting the new trial.

## Newly Discovered Evidence

In his motion for new trial, the appellee said that two months after trial, on August 10, 1993, the State gave him the letter he wrote to his children. The appellee attached a copy of the letter to the motion.

■ In the motion, the appellee set out the required elements for a motion for new trial based on newly discovered evidence: (1) the evidence was unknown to him at the time of trial, (2) the failure to discover the evidence was not due to his want of diligence, (3) the evidence is material and would probably cause a different result in another trial, and (4) the evidence is admissible, and not merely cumulative, corroborative, collateral, or impeaching. *See Drew v. State*, 743 S.W.2d 207, 226 (Tex.Crim.App.1987); *Adams*, 860 S.W.2d at 740.

### 1. Evidence Unknown At Trial

■ The appellee argues that he did not know about the letter even though he wrote it. At trial, the appellee testified he did not remember anything about the incident. In an affidavit attached to his motion, the appellee's counsel states the appellee's memory loss is documented in a notice of intent to raise the issue of insanity, a request for competency hearing, and a request for psychiatric evaluation. We hold this is sufficient to meet first the element of newly discovered

evidence, that the evidence was unknown to the appellant at the time of trial.

## 2. Due diligence

■ In his motion for new trial, the appellee said he used due diligence to discover the letter. He attached a copy of a request to the State for copies of any and all written or recorded statements made by him.

In the motion for new trial hearing, the prosecutor testified that she had her file open all the way up to the trial date and on the date of trial. She testified that the defense attorney never called her to see the evidence. A property card from the Sheriff's department indicates that the letter was given to the State on the day of trial. The State contends that defense counsel could have looked at its file during trial or gone to the Sheriff's office and inspected the file before trial.

The defense asserts that: counsel made both a written and oral request for documents, and the State was under a written order to produce all relevant documents; when the prosecutor produced another letter written by the appellee, the prosecutor told defense counsel she did not know of any other documents; defense counsel examined the State's file between three to five times before trial; it was not appropriate for defense counsel to go through the State's file the day of trial.

The defense counsel said she asked the prosecutor for a suicide note, because she learned from one of the State's witnesses that the police had found one at Reynolds' home. In response, defense counsel was given one document, but not the one involved here, and she did not realize there were others.

Defense counsel testified the appellee's sister-in-law mentioned after the trial that she had received a letter from the appellee written on the day of the attack. The appellee told counsel that if he had written his sister-in-law and his wife, he had probably written his children as well. He searched for a letter to his children, but did not find one.

We hold this is sufficient to find due diligence. When the trial court signed an order requiring the State to produce documents, the State was required to give them to the appellee. The appellee was not required to inspect the file daily to determine if additional matters had been added to the file. The State was under an affirmative duty to produce the documents. We find the evidence supports due diligence.

## 3. Material & Affect Outcome

■ During the motion for new trial hearing, the defense counsel testified she believed the admission of the letter would affect the outcome of the trial because the letter established the appellee's intent the day of the crime. Defense counsel argued the letter showed the appellee's intent was not to injure anyone other than himself. The State's contention is that this evidence would not affect the outcome of the trial.

We hold that the evidence was material, exculpatory, and would probably affect the outcome. The letter established his intent just before he attacked the house.

The State argues the trial court used the wrong standard in granting the motion for new trial. The State contends that TEX.CODE CRIM.PROC. art. 40.001 requires that newly discovered evidence be material as well as favorable. The appellee argues that the court applied the correct standard, TEX. R.APP.P. 30(b)(6), which requires that the new evidence be favorable to the accused. We note that TEX.CODE CRIM.PRAC. art. 40.001 was not effective for crimes that occurred before September 1, 1993, and has no place in our review.

## 4. Cumulative

■ The State contends the letter is cumulative of other evidence presented at trial. The State argues there was more than enough evidence during trial about the appellee's suicidal thoughts. Defense counsel says the letter is different from the other letter written by the appellee which was admitted into evidence. Defense counsel contends this letter mentions both Reynolds and her boyfriend and states that the children will be happier with them, not just Reynolds. We agree. The probative value of the letter was

more important than the appellee's mere testimony at trial that he only intended to hurt himself, not assault Reynolds or her boyfriend. We find the evidence was not merely cumulative.

We affirm the trial court's grant of the appellee's motion for new trial based on newly discovered evidence.