Opinion issued October 20



, 2005














In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-04-00906-CR
__________
 
THE STATE OF TEXAS, Appellant
 
V.
 
TELLY WAYNE FURY, Appellee
 

 
 
On Appeal from the 122nd District Court
Galveston County, Texas
Trial Court Cause No. 03CR1426
 

 
 
O P I N I O N
          A jury found appellee, Telly Wayne Fury, guilty of the offense of aggravated
assault on a public servant


 and assessed punishment at confinement for 60 years. 
The trial court granted appellee’s motion for new trial. In three issues, the State
contends that (1) the trial court erred in granting appellee’s motion for new trial on
a ground not pleaded by appellee, (2) the evidence was legally and factually sufficient
to sustain appellee’s conviction, and (3) there was no Brady


 violation to support
granting appellee’s motion for new trial.


 We vacate the trial court’s order granting
appellee’s motion for new trial and remand the cause to the district court for entry of
judgment consistent with the jury’s verdict.
                                   Factual and Procedural Background
          Amanda Jones, the complainant, testified that she was working as a jailer at the
Texas City Jail when she instructed appellee to enter his cell. Appellee picked up the
complainant and threw her into the cell. Appellee then used one hand to pin the
complainant against the wall and the other hand to choke her to the point that she
“started not to breathe” and was lightheaded. The complainant, fearing for her life,
pleaded with appellee to stop and told appellee that she had children. Appellee then
began to rub himself on the complainant and move his hands across her breasts and
crotch. Ultimately, appellee let the complainant go, and she was able to exit the cell
and call for help. 
          Stephen Rodriguez, who was incarcerated in the Texas City Jail at the time of
the offense, testified that he witnessed the incident. Rodriguez stated that appellee
grabbed the complainant, forced her into the cell, threw her into the wall, and put his
arm around her neck. Rodriguez further stated that appellee started choking the
complainant and fondling her. Rodriguez noted that appellee had “a good grip” and
that the complainant was choking, could hardly speak, and was gasping for air. 
Rodriguez was afraid for the complainant’s life. While appellee was choking the
complainant, appellee told her “I could kill you bitch.” After the complainant was
able to get out of the cell, appellee told Rodriguez “I was going to rape that bitch.” 
          During appellee’s cross-examination of the complainant, appellee asked the
complainant, “You didn’t have any injuries to photograph?” and the complainant
answered, “No.” Later during cross-examination, appellee again asked the
complainant about whether there were any photographs of her injuries. This time, the
complainant stated that photographs of her injuries did exist. The following exchange
took place:
          [Appellee]:            So, all we really have is your word saying all this
stuff happened. We don’t have any pictures. We
don’t have any video. We don’t have any injuries. 
All this horrible force was used. You were thrown
up against the wall. You were choked until you
were about to pass out and thought you were going
to die. Didn’t even leave any red marks on your
neck to take pictures of?
 
          [Complainant]:      I believe there is pictures. I’m not--that the jail
should have.
 
          [Appellee]:            That the jail should have?
 
          [Complainant]:      We took pictures with our jail camera we use to take
booking shots with.
 
          [Appellee]:            Where are they?
 
          [Complainant]:      I don’t have no idea. I don’t work there anymore.
 
          [Appellee]:            Pass the witness, Your Honor.
 
          Following this testimony, appellee did not make any additional inquiry about
the photographs. During closing argument, appellee made numerous references to the
fact that the State did not present photographs of the complainant’s injuries. Appellee
argued:
We have absolutely no injuries. We have no videos. We have no
photographs. If there had been substantial injuries- - actually that’s not
true. Ms. Jones said photographs were taken. Do you think that if they
helped get a conviction of [appellee] that they would have found them? 
I’ll put it to you that there was nothing on the photographs to help the
State’s case and that’s why they’re not here. 
 
          The jury found that appellee intentionally, knowingly, or recklessly caused
bodily injury to the complainant with his hand or arm, and that appellee, through the
use of his hand or arm, used or exhibited a deadly weapon during the commission of
the assault. Appellee timely filed a first amended motion for new trial. First, appellee
alleged that “the verdict was contrary to the law and evidence.” Second, appellee
alleged
Evidence tending to show the defendant’s innocence or which may
mitigate punishment has been destroyed or withheld, thus preventing
its production at trial, to wit: the complainant, Amanda Jones[,] testified
upon cross-examination during the State’s case-in-chief that
photographs showing her alleged injuries, or lack thereof, were taken
shortly after the alleged offense took place. No photographs, video or
other visual evidence of the complainant after the alleged offense were
made available nor was its existence made known to defense counsel
prior to trial in violation of the [c]ourt’s discovery order. Additionally,
withholding of any evidence which may exonerate the accused or be of
material importance to the defense is grounds for a new trial pursuant
to Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194 (1963). 
 
          The trial court held a hearing on appellee’s motion, and then continued the
hearing “to allow the State to make further inquiry as to whether in fact photos had
been taken.” At the subsequent hearing, the State informed the trial court that, per its
instructions, it made an inquiry at the Texas City Police Department as to whether
there were any photographs taken of the complainant after the assault, and that there
were eleven such photographs. After these photographs were introduced by the State,
appellee first argued that the photographs showed no injury. Appellee subsequently
conceded that the photographs showed that the complainant was “red all over
somehow,” but speculated that the redness might be due to a printer malfunction. 
Appellee contended that the photographs were mitigating and that the jury needed to
see the photographs to determine whether a deadly weapon was used and the extent
of injury. Appellee further contended that the trial court had broad discretion to grant
a new trial “in the interest of justice.” 
          In response, the State argued that the photographs defeated appellee’s trial
position that there was no photographic evidence that the complainant was even
injured, and that the photographs were detrimental to appellee’s defense. The State
noted that the photographs showed extensive redness to the complainant’s face and
neck and established that appellee’s hands were around the complainant’s neck,
causing blood to rush to her face. The State also noted that it was only obligated to
prove that appellee used his hands in a manner capable of causing death or serious
bodily injury.
          The trial court granted appellee’s motion for new trial and subsequently issued
a memorandum explaining its ruling. The trial court stated, in part:
          The basis for [appellee’s] motion was the testimony of the
complaining witness . . . on cross-examination, wherein she stated
unequivocally that photographs had been taken of her shortly after the
assault to document her injuries. Timely request had been made by the
defendant and an agreed discovery order signed for “all photographs
taken, or used, in the course of the investigation of this case” to be
produced to the defendant. However, the photographs referred to by
[the complainant] were not disclosed by the State at any time prior to or
during trial.
 
. . . . 
 
          At the subsequent hearing . . . the State produced ten (10) photos
of the complaining witness showing marks on her neck, redness on her
neck, face, ears and arms and possible bruising of her arms. The photos
appeared to show injuries consistent with her testimony at trial. 
 
          The Court does not believe that the failure of the State to produce
and disclose the photos prior to trial was intentional or in bad faith. But
in light of [the complainant] stating without hesitation on cross that
photographs were taken, it appears that the State inadvertently or
negligently failed to make sufficient inquiry as to their existence.
 
          What effect the photos would have had on the jury during the case
in chief or punishment is open to speculation. The most important
implication of their absence is the inability of the defense to evaluate the
potential effect of this evidence pre-trial, thus effecting [sic] the ultimate
decision of whether to enter into a plea agreement with the State or
proceed to jury trial.
 
          Because of the violation of the discovery order to produce the
photographs, the defendant’s [motion for new trial] will be granted.Standard of Review
          The trial court’s decision to grant a new trial is measured by an abuse of
discretion standard. State v. Gonzalez, 855 S.W.2d 692, 696 (Tex. Crim. App. 1993);
State v. Hart, 905 S.W.2d 690, 692 (Tex. App.—Houston [14th Dist.] 1995, pet.
ref’d). A trial court abuses its discretion when the trial court’s decision is arbitrary
or unreasonable. State v. Read, 965 S.W.2d 74, 77 (Tex. App.—Austin 1998, no
pet.). The question is whether the trial court “acted without reference to any guiding
rules or principles.” Montgomery v. State, 810 S.W.2d 372, 380 (Tex. Crim. App.
1990). 
Brady Violation and Newly Discovered Evidence
          In its first issue, the State contends that the trial court erred in granting
appellee’s motion for new trial on a ground not pleaded by appellee. The State argues
that the trial court was limited to granting a new trial on the grounds pleaded by the
appellee and could not, sua sponte, grant a new trial. The State further contends that
the photographs were not newly discovered evidence, that the photographs were
known about during trial, that the photographs were “not of such a nature to bring
about a different result,” and that “the evidence was cumulative and corroborative of
the State’s case, and was not Brady evidence or impeaching of the complainant.” In
its third issue, the State contends that the trial court erred in granting appellee’s
motion for new trial based upon an alleged Brady violation because the photographs
fully supported the complainant’s testimony and the injuries shown in the
photographs are consistent with the complainant’s testimony. Appellee responds that
the photographs “constitute newly discovered evidence” and that the trial court acted
within its discretion in granting a new trial on this ground. We address the State’s
first and third issues together.
          First, the State’s contention that the trial court granted a new trial on a ground
not pleaded by appellee is unavailing. In our review of the trial court’s order granting
appellee’s motion for new trial, we do not consider the statements of the trial court
that relate to its rationale for granting the new trial. Tex. R. App. P. 21.8(b); State v.
Reynolds, 893 S.W.2d 156, 159 (Tex. App.—Houston [1st Dist.] 1995, no pet.). 
Rather, we look to the grounds pleaded by the movant in the motion and determine
whether any of these grounds provide a basis for granting the new trial. Reynolds,
893 S.W.2d at 159; State v. Blanco, 953 S.W.2d 799, 802 (Tex. App.—Corpus Christi
1997, pet. ref’d). While the State is correct in its assertion that a trial court does not
have the authority to grant a motion for new trial sua sponte, and that there must be
a timely motion made by the defendant, see State v. Aguilera, 165 S.W.3d 695, 699
n.9 (Tex. Crim. App. 2005), here, appellee timely filed a motion for new trial and
specified multiple grounds on which he contended that the trial court should have
granted a motion for new trial. Appellee’s motion for new trial clearly requested a
new trial on grounds of legal and factual insufficiency and a Brady violation. 
Appellee’s motion for new trial can also be interpreted to include, as grounds for a
new trial, newly discovered evidence and a violation of a discovery order. 
Accordingly, we overrule the State’s first issue. 
          In regard to the merits of appellee’s motion for new trial, we note, pursuant to
Brady v. Maryland, 373 U.S. 83, 87–88, 83 S. Ct. 1194, 1196–97 (1963), that the
State has an affirmative duty to disclose evidence favorable and material to a
defendant’s guilt or punishment under the due process clause of the Fourteenth
Amendment. Thomas v. State, 841 S.W.2d 399, 407 (Tex. Crim. App. 1992); Palmer
v. State, 902 S.W.2d 561, 562–63 (Tex. App.—Houston [1st Dist.] 1995, no pet.). A
defendant is entitled to a new trial if (1) the State fails to disclose evidence, (2) the
evidence is favorable to the accused, and (3) the evidence creates a probability
sufficient to undermine the confidence in the outcome of the proceeding. Thomas,
841 S.W.2d at 404. 
          Motions for new trial based upon newly discovered evidence are controlled by
article 40.001 of the Texas Code of Criminal Procedure, which provides that “[a] new
trial shall be granted an accused where material evidence favorable to the accused has
been discovered since trial.” Tex. Code Crim. Proc. Ann. art 40.001 (Vernon Supp.
2004–2005); Keeter v. State, 74 S.W.3d 31, 36 (Tex. Crim. App. 2002). Texas courts
have used a four-part test in determining whether a trial court may grant a new trial
based on newly discovered evidence: (1) the newly discovered evidence was
unknown or unavailable to the movant at the time of his trial; (2) the movant’s failure
to discover or obtain the evidence was not due to a lack of diligence; (3) the new
evidence is admissible and is not merely cumulative, corroborative, collateral, or
impeaching; and (4) the new evidence is material and would probably cause a
different result in another trial. Keeter, 74 S.W.3d at 36–37; Moore v. State, 882
S.W.2d 844, 849 (Tex. Crim. App. 1994); Reynolds, 893 S.W.2d at 159.



          In regard to the alleged Brady violation, when the withheld evidence is
disclosed during trial, the inquiry is whether the defendant was prejudiced by the
tardy disclosure. Little v. State, 991 S.W.2d 864, 867 (Tex. Crim. App. 1999);
Palmer, 902 S.W.2d at 565. A defendant’s failure to request a continuance indicates
that the tardy disclosure of the evidence was not prejudicial. Davis v. State, 992
S.W.2d 8, 12 (Tex. App.—Houston [1st Dist.] 1996, no pet.). Here, once the
complainant stated that there had been photographs taken of her injuries at the jail
with the jail camera and that the jail should have the pictures, appellee did not request
a continuance or take any additional action to obtain and review the photographs. 
Instead, appellee waited until after the jury found him guilty and then, for the first
time in his motion for new trial, complained to the trial court about the State’s tardy
disclosure of the existence of the photographs. By waiting to raise this issue for the
first time in his motion for new trial, appellee either waived any Brady error or failed
to show that any Brady error prejudiced him. Id. (finding defendant who did not
request continuance after State’s tardy disclosure of evidence concerning alleged
misconduct of arresting officer failed to show he was prejudiced by tardy disclosure). 
Thus, we hold that the trial court would have abused its discretion in granting
appellee’s motion for new trial on the grounds of an alleged Brady violation.
          Similarly, in regard to the newly discovered evidence ground, in his motion for
new trial appellee concedes that he became aware of the photographs during his
cross-examination of the complainant, and appellee’s failure to request a continuance
waives any complaint regarding this “newly discovered evidence” or the State’s
violation of a discovery order. See Williams v. State, 995 S.W.2d 754, 762 (Tex.
App.—San Antonio 1999, no pet.) (stating that “failure to request continuance waives
any Brady violation, as well as any violation of discovery order”); see also Lindley
v. State, 635 S.W.2d 541, 544 (Tex. Crim. App. 1982) (stating “failure to request a
postponement or seek a continuance waives any error urged in an appeal on the basis
of surprise”). Furthermore, appellee has failed to show that this evidence was
unknown or unavailable to him at the time of his trial or that his failure to discover
or obtain the photographs was not due to a lack of diligence. Appellee contends that
the record merely reflected “the possibility of the existence of the photographs in
issue.” However, although the complainant initially stated there were no photographs
of her injuries, she later unequivocally stated that there were photographs of her
injuries and that the photographs were taken with the jail’s camera. Finally, as noted
by the trial court, the photographs were consistent with the complainant’s testimony
and were merely cumulative and were corroborative of the evidence presented to the
jury.


 Accordingly, we hold that the trial court would have abused its discretion in
granting appellee’s motion for new trial on the grounds of newly discovered evidence
and the violation of a discovery order.
          We sustain the State’s third issue.
Legal and Factual Sufficiency
          In its second issue, the State contends that the trial court erred in granting
appellee’s motion for new trial because the evidence was legally


 and factually
sufficient to sustain appellee’s conviction.
          We review the legal sufficiency of the evidence by viewing the evidence in the
light most favorable to the verdict to determine if any rational fact finder could have
found the essential elements of the offense beyond a reasonable doubt. King v. State,
29 S.W.3d 556, 562 (Tex. Crim. App. 2000). In a legal sufficiency review, we may
not substitute our own judgment for that of the fact finder. Id. We review the factual
sufficiency of the evidence by examining all of the evidence neutrally, not in the light
most favorable to the verdict, and we will set aside the verdict “only if the evidence
is so weak that the verdict is clearly wrong and manifestly unjust, or the contrary
evidence is so strong that the standard of proof beyond a reasonable doubt could not
have been met.” Escamilla v. State, 143 S.W.3d 814, 817 (Tex. Crim. App. 2004);
see also Johnson v. State, 23 S.W.3d 1, 6 (Tex. Crim. App. 2000). Although our
analysis considers all the evidence presented at trial, the trier of fact is the exclusive
judge of the facts, the credibility of the witnesses, and the weight to be given to their
testimony. See Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986). 
          A person commits the offense of aggravated assault on a public servant if he
intentionally, knowingly, or recklessly causes bodily injury to another whom the
person knows is a public servant while the public servant is lawfully discharging an
official duty, and the person uses or exhibits a deadly weapon during the commission
of the assault on the public servant. Tex. Pen. Code Ann. § 22.02 (Vernon Supp.
2004–2005).
          Appellee does not cite any evidence contrary to the jury’s verdict. Here, the
complainant testified that, while she was working as a jailer at the Texas City Jail,
appellee picked her up, threw her into a jail cell, pinned her against the wall, choked
her to the point that she was getting lightheaded and “started not to breathe,” rubbed
himself against her, and moved his hands across her breasts and crotch. Furthermore,
Rodriguez, an eyewitness to the incident, testified that appellee grabbed the
complainant, threw her into a wall, and choked and fondled her. Rodriguez
specifically noted that appellee had a good grip around the complainant and that the
complainant could hardly speak and was gasping for air, and Rodriguez was afraid
for the complainant’s life. During the assault, appellee told the complainant “I could
kill you bitch,” and after the assault, appellee told Rodriguez “I was going to rape that
bitch.” 
          Considering this evidence, a rational fact finder could have found, beyond a
reasonable doubt, that appellant committed the offense of aggravated assault on a
public servant. Thus, we hold that the evidence was legally sufficient to support
appellant’s conviction. Additionally, viewing all of the evidence neutrally, we
conclude that the evidence was not so weak that the verdict was clearly wrong or
manifestly unjust and that the contrary evidence was not so strong that the standard
of proof beyond a reasonable doubt could not have been met. We hold that the
evidence was factually sufficient to support appellant’s conviction. Accordingly, we
further hold that the trial court would have abused its discretion in granting appellee’s
motion for new trial on the ground that the evidence was legally and factually
insufficient to support appellee’s conviction.
          We sustain the State’s second issue.Conclusion
          Because we conclude that the trial court would have abused its discretion in
granting appellee’s motion for new trial on the grounds of an alleged Brady violation, 
newly discovered evidence, and the violation of a discovery order, or legal and
factual insufficiency, we hold that the trial court abused its discretion in granting
appellee’s motion for new trial. We vacate the trial court’s order granting appellee’s
motion for new trial and remand the cause to the district court for entry of judgment
consistent with the jury’s verdict.
 
                                                                        Terry Jennings
                                                                        Justice
 
Panel consists of Justices Nuchia, Jennings, and Higley.
 
 
Publish. Tex. R. App. P. 47.2(b).