Affirmed and Opinion filed October 5, 2006








Affirmed and Opinion filed October 5, 2006.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00505-CR

____________

 

VERMAURICE DEON SEXTON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 176th
District Court

Harris County, Texas

Trial Court Cause No. 977,282

 



 

O P I N I O N

Appellant, Vermaurice Deon Sexton, appeals his conviction
of indecency with a child and sentence of five years= incarceration. 
In two points of error, appellant contends that the evidence is legally and
factually insufficient.  We affirm.

Background

On
January 24, 2004, appellant babysat for his coworker Jackie Cleveland and her
friend Mariette Astras while they went to a night club.  Cleveland=s two childrenCT.B. and J.R.Cwere seven and four.  Astras=s son B.J. (Acomplainant@) was seven. 








Complainant
testified that all of the children stayed at Cleveland=s apartment that night.  Appellant
was the only adult present.  At some point, the boys began arguing over a video
game, and appellant told them to be quiet.  When the boys misbehaved again,
appellant gave them each three Alickings@ with a back scratcher that was about twelve inches long and
had three sharp claws.  Complainant testified that at bedtime, everyone
reclined on the sofa bed.  According to complainant, appellant put his hand
down T.B.=s pants and touched his behind; appellant then touched T.B.=s Amiddle part.@  Complainant testified that this
touching occurred underneath T.B.=s clothing for about five minutes. 
Complainant could not tell whether appellant=s hand was moving.

Complainant
testified that appellant then touched him.  Complainant stated he was lying on
his side and that appellant rubbed his behind underneath his underwear for about
two minutes.  Appellant then touched complainant=s Amiddle part.@  The next morning, complainant
received a second Awhooping@ for riding bikes in violation of appellant=s instructions.  Complainant
testified that he did not tell his mother about the spanking or improper
touching when she picked him up later that day because he was afraid appellant
would find out.  Appellant had warned him not to tell anyone about the
spanking.

Complainant
testified that appellant babysat him and Cleveland=s children the very next weekend. 
Appellant showed them Aporno@ magazines with Anaked people on the front cover.@  Later that day, complainant=s father picked up complainant from
Cleveland=s apartment.  The father testified that complainant did not say anything
about appellant  inappropriately touching him or T.B. at that time.  T.B.=s testimony essentially corroborated
complainant=s testimony.  T.B. admitted that initially, he  had described appellant=s touching him over his clothes
because he feared getting in trouble if he told the truth. 








Appellant
testified that he babysat the children on January 24.  At some point that
night, he dozed off in a bedroom.  When he woke up, the children had fallen
asleep in different rooms.  Appellant stated that the following weekend, he Aswat[ted]@ complainant and T.B. three times
each with a back scratcher because they were fighting over a video game. 
Appellant denied hitting them very hard and testified that none of the boys
cried.   The boys watched television on the sofa bed with appellant while J.R.
fell asleep in Cleveland=s room.  According to appellant, complainant, appellant, and
T.B. slept next to each other in that order.  Appellant denied touching the
children inappropriately and claimed that he had not spanked them hard enough
to cause bruising.  He also testified that the children did not seem to be
afraid of him the following day.  Appellant testified that as the president of
the youth ministry at his church, he frequently interacted with children and he
had never before been accused of any sexual misconduct.

On
February 12, 2004, appellant was charged with indecency with a child,
specifically complainant.  The trial court found him guilty and sentenced him
to five years= imprisonment.  On appeal, appellant contends that the evidence is
legally and factually insufficient to support his conviction.

Legal
and Factual Sufficiency Standards of Review 

In evaluating a legal sufficiency challenge, we view the evidence in the light
most favorable to the verdict.  Wesbrook v. State, 29 S.W.3d 103, 111
(Tex. Crim. App. 2000). The verdict may not be overturned unless it is
irrational or unsupported by proof beyond a reasonable doubt.  Matson v.
State, 819 S.W.2d 839, 846 (Tex. Crim. App. 1991).  The trier of fact Ais the sole judge
of the credibility of the witnesses and of the strength of the evidence.@  Fuentes v.
State, 991 S.W.2d 267, 271 (Tex. Crim. App. 1999).  The fact finder may
choose to believe or disbelieve any portion of the witnesses= testimony.  Sharp
v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986).  When faced with conflicting
evidence, we presume that the trier of fact resolved conflicts in favor of the
prevailing party.  Turro v. State, 867 S.W.2d 43, 47 (Tex. Crim. App.
1993).  Therefore, if any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt, we must affirm.  McDuff v.
State, 939 S.W.2d 607, 614 (Tex. Crim. App. 1997). 








A factual sufficiency
challenge requires us to consider and balance all of the evidence in a neutral
manner.  Zuniga v. State, 144 S.W.3d 477, 482 (Tex. Crim. App. 2004). 
The evidence is factually insufficient if: (1) the evidence supporting the
verdict is too weak to support the finding of guilt beyond a reasonable doubt;
or (2) in the event that there is evidence both supporting and contradicting
the verdict, the contrary evidence is so strong that guilt cannot be proven
beyond a reasonable doubt.  Id. at 484.  We cannot substitute our own
conclusions for that of the fact finder.  Clewis v. State, 922 S.W.2d
132, 133 (Tex. Crim.
App.
1996).  AThe trier of fact
is the exclusive judge of the facts, the credibility of the witnesses, and the
weight to be given to their testimony.@  State v. Fury,
186 S.W.3d 67, 75 (Tex. App.CHouston [1st
Dist.] 2005, pet. ref=d).  

Legal
Sufficiency

In his
first issue, appellant contends the evidence is legally insufficient to support
his conviction.  Specifically, appellant argues the evidence fails to establish
that he touched complainant with the intent to arouse or gratify sexual desire.


In order
to prove appellant committed the offense of indecency with a child, the State
had to prove he engaged in sexual contact with complainant.  Tex. Pen. Code Ann. '21.11(a)(1) (Vernon 2003).  ASexual contact,@ if committed with the intent to
arouse or gratify the sexual desire of any person, includes Aany touching by a person, including
touching through clothing . . . of any part of the genitals of a child.@  Tex.
Penal Code Ann. ' 21.11(c)(1) (Vernon 2003).  AThe requisite specific intent to
arouse or gratify the sexual desire of any person can be inferred from the
defendant=s conduct, his remarks and all surrounding circumstances.@  McKenzie v. State, 617
S.W.2d 211, 216 (Tex. Crim. App. 1981).  








 Appellant
argues that he touched complainant=s bottom to reassure and soothe him
after the spanking.  Appellant further argues that because he did not move his
hand while touching complainant beneath his clothes, he did not intend to
gratify anyone=s sexual desire.  Complainant testified, however, that while they were
laying on the sofa bed, appellant reached underneath his clothes, touched his
bottom, and then moved his hand and touched his middle part.  Complainant
testified that this touching continued for a couple minutes.  T.B. also
testified that he saw appellant reach beneath complainant=s clothes and touch complainant=s bottom.  Both boys testified that
appellant showed them Aporno magazines.@  Such evidence is sufficient to
prove that appellant touched complainant with the intent to arouse or gratify
sexual desire.  See McKenzie, 617 S.W.2d at 216 (holding that when
defendant asked children to search for his lost dog and then touched girl=s genitals Ato see if she was clean,@ evidence was sufficient to prove
intent); Santos v. State, 961 S.W.2d 304, 308 (Tex. App.CHouston [1st Dist.] 1997, pet. ref=d) (finding sufficient evidence of
intent to arouse and gratify sexual desire where defendant reached under victim=s blouse and touched her breast);
Fetterolf v. State, 782 S.W.2d 927, 933 (Tex. App.CHouston [14th Dist.] 1989, pet. ref=d) (finding sufficient evidence of
intent to arouse and gratify sexual desire where defendant touched sleeping
child=s breast).  

Therefore,
viewing the evidence in the light most favorable to the verdict, we conclude
that a rational trier of fact could find that appellant touched complainant
with the intent to arouse or gratify sexual desire.  We overrule appellant=s first issue.   

Factual
Sufficiency

In his
second issue, appellant contends that the evidence is factually insufficient to
support his conviction.  Again, appellant argues that the evidence fails to
establish that he touched complainant with the intent to arouse or gratify
sexual desire.  








We have
previously discussed the evidence supporting the judgment.  Appellant denied
touching any of the children inappropriately.  He testified that complainant
needed guidance and that he wanted to be complainant=s mentor.  He also stated that
Cleveland=s children were happy to see him whenever he visited their apartment and
that he often took them out to eat.  Appellant also testified that as the
president of his youth ministry, he frequently interacted with children and had
never before been accused of sexual misconduct.  Appellant explained that he
slept in the same bed as the children because he expected Cleveland and her
friends to sleep in Cleveland=s room, causing the sleeping arrangements to be Aout of whack.@  Complainant=s father testified that complainant
did not say anything about appellant=s touching him or T.B.
inappropriately when he picked up complainant after the second weekend. 

Viewing the evidence in a neutral light, we conclude
that the evidence is
not too weak to support the finding of guilt beyond a reasonable doubt, and the
contrary evidence is not so strong that guilt cannot be proved beyond a
reasonable doubt.  Accordingly, we
overrule appellant=s second issue and affirm the trial court=s judgment.                   

 

 

 

 

/s/        Adele Hedges

Chief Justice

 

 

Judgment rendered and Opinion filed
October 5, 2006.

Panel consists of Chief Justice
Hedges and Justices Yates and Seymore.

Do Not Publish C Tex.
R. App. P. 47.2(b).