Affirmed and Memorandum Opinion filed February 15, 2007








Affirmed and Memorandum Opinion filed February 15, 2007.

                                                                             

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-06-00205-CR

_______________

 

ZACHERY RAY, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 176th District Court

Harris County, Texas

Trial Court Cause No. 1011585

                                                                                                                                               


 

M E M O R A N D U M   O P I N I O N

Zachery Ray appeals a conviction for
aggravated robbery[1] on the ground
that he was denied due process of law when the State withheld the results of
DNA testing of clothing (the Aclothing@) found near the crime scene in violation of Brady v.
Maryland, 373 U.S. 83 (1963).  We affirm.








A Brady violation occurs when
the State suppresses, willfully or inadvertently, evidence favorable to the
appellant.[2]   See
Youngblood v. W. Virginia, 126 S. Ct. 2188, 2190 (2006); Harm v. State,
183 S.W.3d 403, 406 (Tex. Crim. App. 2006).  When exculpatory evidence is not
concealed, but disclosure is untimely, the defendant bears the burden to show
that the delay resulted in prejudice.  Wilson v. State, 7 S.W.3d 136,
146 (Tex. Crim. App. 1999).  Prejudice is not shown where the information is
disclosed to the defendant in time for him to make effective use of it at trial. 
See Little v. State, 991 S.W.2d 864, 866 (Tex. Crim. App. 1999).  A
defendant's failure to request a continuance indicates that tardy disclosure of
evidence was not prejudicial.  State v. Fury, 186 S.W.3d 67, 73-4 (Tex.
App.CHouston [1st Dist.] 2005, pet. ref=d).








In this case, Police Officer
Sherrouse testified that he did not take a swab from appellant because the DNA
testing of the clothing revealed no DNA and thus no DNA sample would be
available for comparison.  However, during a subsequent lunch break  before the
DNA analyst testified, the analyst informed the State that a DNA test had, in
fact, yielded DNA results.  The State immediately notified appellant=s trial counsel of this development
(also before the analyst testified), which defense counsel acknowledged on the
record.  The DNA analyst then testified that several different male and/or
female DNA were found on the clothing items, but that she was not given a
sample of appellant=s DNA to compare to that found on the clothing.  To clarify
this situation, the State recalled Officer Sherrouse, who explained that he had
received a letter from the DNA lab stating that no DNA had been discovered on
the clothing submitted and that no further testing was therefore conducted.  He
also testified that he was never notified that DNA had later been recovered and
was shocked to learn that a DNA profile had, in fact, been developed.

On appeal, appellant argues that he
was deprived of any opportunity to test the DNA evidence against the appellant=s DNA and call an expert to testify. 
However, because appellant failed to request a continuance after learning that
DNA had been discovered, in order to obtain an opportunity to have it compared
to his DNA, he waived any Brady complaint.  See Gutierrez v. State,
85 S.W.3d 446, 452 (Tex. App.CAustin 2002, pet. ref=d).[3]
Accordingly, appellant=s issue is overruled, and the judgment of the trial court is
affirmed.

 

 

 

/s/        Richard H. Edelman

Justice

 

 

Judgment rendered and Memorandum
Opinion filed February 15, 2007.

Panel consists of Chief Justice
Hedges and Justices Fowler and Edelman.

Do not publish C Tex.
R. App. P. 47.2(b).









[1]           A jury found appellant guilty and assessed
punishment at fifteen years imprisonment.





[2]           The State's duty to reveal Brady
material to the defense attaches when the information comes into the State's
possession, whether or not the defense requested the information.  Strickler
v. Greene, 527 U.S. 263, 280 (1999); Harm, 183 S.W.3d at 407.  However, the
State is not required to seek out exculpatory evidence independently on
appellant's behalf or furnish appellant with exculpatory or mitigating evidence
that is fully accessible to appellant from other sources.  Harm, 183
S.W.3d at 407.  To demonstrate reversible error for violation of Brady
rights, a defendant must show (1) the State failed to disclose evidence,
regardless of the prosecutor's good or bad faith; (2) the withheld evidence is
favorable to the defendant; and (3) the withheld evidence is material, that is,
there is a reasonable probability that had the evidence been disclosed, the
outcome of the trial would have been different.  Strickler, 527 U.S. at
281-82; Harm, 183 S.W.3d at 407.





[3]           See also Weatherford v. Bursey, 429
U.S. 545, 561 (1977) (suggesting that the defendant was not deprived of
opportunity to investigate witness in preparation for possible impeachment when
there was no objection to witness=s
testimony and no request for a continuance); Lindley v. State, 635
S.W.2d 541, 544 (Tex. Crim. App. 1982) (holding that failure to request a
postponement or seek a continuance waives any error urged in an appeal on the
basis of surprise); Fury, 186 S.W.3d at 74 (finding that, by not asking
for continuance, defendant either waived Brady error or failed to show
that any Brady error prejudiced him).