**Opinion issued June 20, 2013**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-12-00855-CR

———————————

**PATRICK LEE CAMPBELL, JR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 122nd District Court**
**Galveston County, Texas**
**Trial Court Cause No. 10CR3689**

---

## MEMORANDUM OPINION

A jury convicted Patrick Lee Campbell, Jr. of aggravated robbery. *See* TEX. PENAL CODE ANN. § 29.03 (West 2011). The trial court assessed punishment at fifty years' confinement. On appeal, Campbell contends that the trial court abused its discretion by denying his motion for new trial based upon exculpatory

information, namely an in-car video from the arresting officer's car that was not disclosed until near the end of the State's case-in-chief, in violation of *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194 (1963). Finding no abuse of discretion, we affirm.

## Background

Campbell and two others robbed Jose Varela and his mother, at gunpoint, at Varela's mother's house. After the robbery, the assailants fled on foot. The police arrived, began pursuit, and blocked nearby streets. As the police monitored cars entering and leaving the area, an officer noticed a car stop in an alley where the fleeing suspects were last seen. Another officer followed the car when it left the alley. After noticing that the car's inspection sticker was expired, he stopped the car. Campbell was an occupant. Another officer brought Varela's mother to the scene. She identified Campbell as one of the men who had robbed her and her son that night. The officer then arrested Campbell.

Near the end of the State's case-in-chief, the State first disclosed the existence of an in-car video, retrieved from the arresting officer's police car. The video depicted Campbell's arrest. The State produced the video to Campbell for review, noting that it would not object to Campbell introducing it. Campbell's counsel reviewed the video, declined to introduce it, and stated that he had no objection to proceeding to closing arguments.

2

**Discussion**

On appeal, Campbell contends that the trial court abused its discretion by denying his motion for new trial, based upon the State's untimely production of the video. He maintains that the late disclosure, near the end of the presentation of the State's case, deprived him of an adequate opportunity to cross-examine the State's witnesses in violation of his constitutional rights. *See Brady*, 373 U.S. at 87, 83 S. Ct. at 1196–97.

*Standard of Review*

We review a trial court's ruling on a motion for mistrial or motion for new trial for an abuse of discretion. *Webb v. State*, 232 S.W.3d 109, 112 (Tex. Crim. App. 2007). We view the evidence in a light favorable to the trial court's ruling and uphold the ruling if it is within the zone of reasonable disagreement. *Id.* (citing *Wead v. State*, 129 S.W.3d 126, 129 (Tex. Crim. App. 2004)). A trial court abuses its discretion in denying a motion for new trial only when no reasonable view of the record could support the trial court's ruling. *Charles v. State*, 146 S.W.3d 204, 208 (Tex. Crim. App. 2004).

In *Brady*, the United States Supreme Court held that the suppression of evidence favorable to a defendant violates his due process rights, if the evidence is material either to guilt or punishment without regard to the good or bad faith of the prosecution. *Brady*, 373 U.S. at 87, 83 S. Ct. at 1196–97; *Wyatt v. State*, 23 S.W.3d

18, 27 (Tex. Crim. App. 2000). To establish a *Brady* violation, a defendant must show: (1) the State suppressed evidence; (2) the suppressed evidence is favorable to defendant; and (3) the suppressed evidence is material. *Little v. State*, 991 S.W.2d 864, 866 (Tex. Crim. App. 1999); *Thomas v. State*, 841 S.W.2d 399, 402–03 (Tex. Crim. App. 1992) (citing *Moore v. Illinois*, 408 U.S. 786, 794–95, 92 S. Ct. 2562, 2568 (1972)). Materiality, the third prong, requires that the State's failure to disclose the favorable evidence prejudice the defendant. *Banks v. Dretke*, 540 U.S. 668, 691, 124 S. Ct. 1256, 1272, 157 L.Ed.2d 1166 (2004).

If, as in this case, the potential *Brady* material is produced to the defense during trial, rather than after the trial is completed, we determine whether the defendant was prejudiced by the late disclosure. *Palmer v. State*, 902 S.W.2d 561, 565 (Tex. App.—Houston [1st Dist.] 1995, no writ). A defendant is not prejudiced by a late disclosure of *Brady* evidence if the defendant receives the material in time to put it to effective use at trial. *Id.* (citing *United States v. McKinney*, 758 F.2d 1036, 1050 (5th Cir. 1985)). If, procedurally, the defendant can still introduce the evidence, and recall witnesses to examine them about it, then the defendant is not prejudiced by its untimely disclosure. *Id.*; *see also United States v. Decker*, 543 F.2d 1102, 1105 (5th Cir. 1976) (holding that government fulfilled its disclosure duty by disclosing impeachment evidence after witness testified but while still subject to recall). A failure to request a continuance after disclosure of *Brady*

evidence during trial also indicates that the late disclosure was not prejudicial. *State v. Fury*, 186 S.W.3d 67, 73–74 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd).

In *Palmer*, the prosecution disclosed potential *Brady* evidence during trial. *Palmer*, 902 S.W.2d at 565. But because the defendant could still introduce the evidence and could recall the witnesses who had already testified to examine them about the contradictory evidence, the late disclosure did not prejudice the defendant. *Id.*

Similar to the facts in *Palmer,* in this case, the State disclosed the in-car video before concluding its case-in-chief. *See Palmer*, 902 S.W.2d at 565. Campbell does not contend that he could not recall the witnesses proffered in the State's case. *See id.* Rather, Campbell expressly declined to introduce the video, did not seek to recall any of the State's witnesses, and did not request a continuance after the disclosure. *See id.* Accordingly, we hold that the trial court acted within its discretion in determining that Campbell was not prejudiced by the late disclosure of the in-car video. *See id.*; *Fury*, 186 S.W.3d at 74.

## Conclusion

We hold that the trial court did not abuse its discretion in denying Campbell's motion for new trial, because it reasonably could have concluded that

Campbell was not prejudiced by the untimely disclosure of *Brady* evidence. We therefore affirm the judgment of the trial court.


Jane Bland
Justice

Panel consists of Justices Keyes, Higley, and Bland.

Do not publish. TEX. R. APP. P. 47.2(b).