*granted [signature] 2/11/2015*

PD-1050-14

IN THE TEXAS COURT OF CRIMINAL APPEALS
COA 09-13-00180-CR,09-13-00181-CR,09-13-00182-CR,09-13-00183-CR

FILED IN
COURT OF CRIMINAL APPEALS

FEB 11 2015

Abel Acosta, Clerk

PETER JAMES MARTIN, Appellant, §

v. §   In the 221st Judicial District
§   Court of Matgomery County, Texas,
§   Cause No.12-03-02604-CR
STATE OF TEXAS, Appellee, §

## MOTION FOR EXTENSION OF TIME TO FILE A MOTION FOR REHEARING

Appellant Martin understands this Court REFUSED his petition for discretionary review on this day February 4th,2015 and the current deadline for filing the motion for rehearing is February 19th,2015. Appellant respectfully requests this Court extend that deadline for thirty (30) additional days up to and including March 17th,2015, for the following reasons. Appellant is proceeding in this case pro-se due to receiving ineffective assistance of trial and appeal counsel. It appears that Appellant's pro-se pleadings and arguments have been inacticulately presented and therefore were probably misapprehended by this Court in their essence. This Court has previously granted appellant time extensions in this case for his unrepresented status and obstacles as a prisoner. This case had enough merit to require the Court to notify the Appellee to file a response by January 15,2015 which was not filed in this case. Because this case involves my assertions of false testimony, suppressed evidence and knowing failure of the State to correct the false, misleading evidence presented in trial, the appellee's failure to at least admit or deny the authenticity of the presented suppressed evidence in the record (see Appx.31) constitutes a seperate violation of Due Process. Appellant Martin will not ask for another extension of time to file a motion for rehearing and only requests thirty (30) days time extension in order to formulate his arguments and authorities focusing on the issue of Rule 44.4 and it's application to his presented Appx.31 "Front-View" laser photo evidence suppressed at trial as proving his actual innocence and being authorized to return to the trial court for fact findings after a stay and abate order, and where is the line drawn at addressing false testimony and suppressed evidence on direct appeal? See and compare, Michealwicz v. State,186 S.W.3d 601,613-16(Tex.App.-Austin 2006 rehg ovrld, pet refd)(motion for ex parte trial court hearing to inspect police report for alleged exculpatory or material evidence value, intended to invoke Brady protections, was proper procedural device to invoke on direct appeal), with, Perkins v. State,902 S.W.2d 88,102,supp.opinion,905 S.W.2d 452,453(Tex.App.-El Paso 1995)(claim of expert witness's perjury about scientific study never intorduced in trial attached to appeal rehearing motion; holding under Rochelle v. State,791 S.W.2d 121,124-25(Tex.Crim.App.1990) APPEAL COURT HAD DISCRECTION TO CONSIDER THE STUDY IN THE INTERESTS OF JUSTICE OR for Due process concerns) & State v. Fury,186 S.W.3d 67,72-73(Tex.App.-Hous.[1 Dist]2005)(Brady claim of withheld photo evidence, holding photo must support trial and appeal arguments, be material and demonstrate would cause a different result in another trial, to be considered on direct appeal).

For the above reasons, Appellant Martin requests this Court GRANT him an extension of time to file a motion for rehearing until March 17th,2015. I certify and affirm placing a true and correct copy of this motion into the prison mailbox on February 5,2015 addressed to the Mongomery County D.A. office.

*Peter James Martin*

Peter James Martin, #1846003,
Stiles Unit, 3060,FM 3514,
Beaumont, Texas 77705