**Keith Wayne DALBOSCO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–97–00034–CR.**

Court of Appeals of Texas,
Texarkana.

Dec. 18, 1997.

## ORDER

### BY THE COURT.

Keith Dalbosco appeals from his conviction for aggravated assault. He was sentenced to two years' imprisonment, probated for five years, and a $500.00 fine. He contends on appeal that the trial court committed error by failing to permit him to make a bill of exceptions at the hearing on his motion for new trial.

The motion for new trial was based in part upon allegations that the police officer who arrested Dalbosco had been dismissed, allegedly for reasons including lying. Dalbosco's investigator had attempted to obtain the officer's personnel file from the city, which refused to produce the file except by court order. The court directed production for an *in camera* inspection and, after reviewing the documents, returned them to the city. The court explicitly refused to make a copy available for the record, stating that "the information that could have been obtained was available without looking at the personnel files."

In his motion for new trial and the attached affidavit, Dalbosco argued that the State failed to provide potentially exculpatory information for his defense as required under *Brady v. Maryland*.[1] Under the present rule, the due process clause of the Fourteenth Amendment to the United States Constitution is violated when a prosecutor fails to disclose evidence favorable to the accused that creates a probability sufficient to undermine confidence in the outcome of the proceeding.[2] Further, the Texas Code of Criminal Procedure specifically imposes upon prosecutors a requirement that they not suppress facts or secrete witnesses capable of establishing the innocence of an accused.[3]

■ Impeachment evidence is considered to be favorable to the accused and is therefore subject to the mandatory disclo-

---

1. 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963);*see Thomas v. State*, 841 S.W.2d 399 (Tex. Crim.App.1992).

2. *Thomas*, 841 S.W.2d at 404.

3. TEX.CODE CRIM. PROC. ANN. art. 2.01 (Vernon Supp.1998).

sure dictates of *Brady*.[4] The prohibition against failing to disclose evidence applies when the evidence goes only to the credibility of the witness because the jury's estimate of truthfulness and reliability may well determine guilt or innocence.[5] A prosecutor's failure to disclose evidence that could be used to impeach a State's witness whose credibility was material to the issue of guilt does not create a probability sufficient to undermine confidence in the outcome of the proceeding if the Judge alerts the defense to the impeachment evidence and the witness is then cross-examined on that evidence.[6] Neutral evidence, however, does not fall within *Brady*, but only evidence that is exculpatory or useful for impeachment purposes.[7]

■ The State suggests that the court ruled correctly because, as the trial judge stated, the information about the officer's termination was available to the public. There is no general "public records" exception to the *Brady* rule.[8] Documents, however, that are a part of public records are not deemed suppressed by the State if defense counsel should know of them and fails to obtain the records because of a lack of diligence in his own investigation.[9] The necessary inquiry is whether the defendant knew or should have known facts that would have allowed him to access the undisclosed evidence.[10]

So far as a *Brady* inquiry is concerned, then, the relevant question is whether Dalbosco should have known that the police officer had been dismissed before trial and then searched out information to reveal the reasons for his dismissal. The judge in this case

indicated that the reasons were available in public records and that other information that was not relevant to Dalbosco's concerns was contained within the employee file.

The problem is this: the trial judge took two affirmative acts. He quashed the subpoena ordering production and overruled the motion for new trial (which was based on improper suppression by the State of material information about the credibility of a witness.) The court's comments at the hearing make it clear that the reason that he quashed the subpoena and overruled the motion for new trial was because the information was available elsewhere.

■ We cannot review the propriety of the trial judge's decision on the *Brady* issue without reviewing the employee file. The trial judge quashed the subpoena that directed the file's production; thus, it was never produced. Counsel nevertheless attempted to introduce the documents under seal into evidence for purposes of the appellate record. When evidence is excluded, "[t]he right to make an offer of proof or perfect a bill of exceptions is absolute."[11] To preserve the record for appeal, the party offering the excluded evidence may make an offer of proof in the form of a concise statement, or in question and answer form.[12] If the party requests permission to make a bill of exceptions, the trial court is required to direct the making of the offer of proof in question and answer form.[13]

■ In the present case, counsel never saw the file at issue and is relegated to relying upon the statements of his investiga-

4. *Keith v. State*, 916 S.W.2d 602 (Tex.App.—Amarillo 1996, no pet.).

5. *Garcia v. State*, 704 S.W.2d 495 (Tex.App.—Corpus Christi 1986, no pet.).

6. *Johnston v. State*, 917 S.W.2d 135 (Tex.App.—Fort Worth 1996, pet. ref'd).

7. *East v. Scott*, 55 F.3d 996 (5th Cir.1995).

8. *Chavis v. North Carolina*, 637 F.2d 213, 225 (4th Cir.1980).

9. *United States v. Payne*, 63 F.3d 1200, 1208 (2nd Cir.1995); *United States v. White*, 970 F.2d 328, 337 (7th Cir.1992).

10. *Payne*, 63 F.3d at 1208.

11. *Spence v. State*, 758 S.W.2d 597, 599 (Tex.Crim.App.1988).

12. Tex.R.App. P. 52(b).

13. Tex.R.Crim. Evid. 103(b); *Kipp v. State*, 876 S.W.2d 330, 334 (Tex.Crim.App.1994); *Callahan v. State*, 937 S.W.2d 553, 557 (Tex.App.—Texarkana 1996, no pet.); *Flores v. State*, 920 S.W.2d 347, 352 (Tex.App.—San Antonio 1996, pet. dismissed).

tor as to its possible contents. That belief is adequately set out in the affidavit attached to the motion for new trial. We find that the trial court erred by failing to provide the documents for appellate review as requested by counsel.

 The State has suggested that because counsel did not, in his appellate brief, directly attack either the district court's ruling on the motion for new trial or the underlying conviction, no further contention may now be raised. In this case, however, Dalbosco contends he is unable to attack the court's ruling and if he did so, we would be unable to rule because the documents upon which the ruling is based are not available for review. After the record is supplemented, counsel may be able to file a supplemental or amended brief containing issues that could support a reversal. Although we agree that the better practice would be to request abatement or that the record be supplemented before preparation of the appellate brief, we will not foreclose this appeal on that basis.

The State also suggests that under a review of the denial of a motion for new trial, the trial judge's comments are sufficient to support his ruling, and that under the requisite abuse of discretion standard applicable to newly discovered evidence, we should affirm.[14] The analysis of *Brady* error committed by the State is a separate analysis than the denial of a motion for new trial and relies on different legal theories for support.[15] The newly discovered evidence standard does not necessarily apply, and this appeal is not necessarily from error committed in denying the motion for new trial.

---

14. To obtain a new trial because of newly discovered evidence, an appellant must show: (1) the newly discovered evidence was unknown to the movant at the time of trial; (2) the failure to discover the evidence was not due to his want of diligence; (3) the evidence is admissible and not merely cumulative, corroborative, collateral, or impeaching; and (4) the evidence is probably true and would probably bring about a different result in another trial. *Moore v. State*, 882 S.W.2d 844, 849 (Tex.Crim.App.1994); *Tuffiash v. State*, 948 S.W.2d 873, 879 (Tex.App.—San Antonio 1997, pet. ref'd).
   The granting or denying of a motion for new trial is within the discretion of the trial court.

In any event, before we can address the question of *Brady* error on its merits, we must have the **complete** record before us. Accordingly, we abate this appeal to the trial court. We order that a copy of the personnel file reviewed *in camera* be filed under seal with the district clerk, that the trial judge certify that the personnel file produced is exactly the same as the file that he reviewed, and we direct the district clerk to transmit the file to this court for review no later than thirty days after the date of this order.

It is so ordered.

---

We do not substitute our judgment for that of the trial court, but rather decide whether the trial court's decision was arbitrary or unreasonable. *Lewis v. State*, 911 S.W.2d 1, 7 (Tex.Crim.App. 1995); *State v. Gonzalez*, 855 S.W.2d 692, 696 (Tex.Crim.App.1993). Motions for new trial based on newly discovered evidence are not favored by the courts and are viewed with great caution. *Drew v. State*, 743 S.W.2d 207, 225–26 (Tex.Crim.App.1987).

15. *See discussion, Collins v. State*, 642 S.W.2d 80, 85–6 (Tex.App.—Fort Worth 1982, no pet.).