In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-09-00085-CR


______________________________




JOHN LANDOR, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 188th Judicial District Court


Gregg County, Texas


Trial Court No. 37,582-A




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley



MEMORANDUM OPINION



 John Landor has appealed from his open plea of guilty to the offense of possession of
marihuana. See Tex. Health & Safety Code Ann. § 481.121(b)(3) (Vernon 2003). The trial court
sentenced Landor to one year's confinement in a state-jail facility. See Tex. Penal Code Ann.
§ 12.35 (Vernon 2008).

 On appeal, Landor contends that his sentence is cruel and unusual in that it is grossly
disproportionate to the crime, citing, among other cases, Solem v. Helm, 463 U.S. 277 (1983), and
Harmelin v. Michigan, 501 U.S. 957 (1991). To preserve such complaint for appellate review,
Landor must have presented to the trial court a timely request, objection, or motion that stated the
specific grounds for the desired ruling, or the complaint must be apparent from the context. See Tex.
R. App. P. 33.1(a)(1); Harrison v. State, 187 S.W.3d 429, 433 (Tex. Crim. App. 2005); Williams v.
State, 191 S.W.3d 242, 262 (Tex. App.--Austin 2006, no pet.) (claims of cruel and unusual
punishment must be presented in timely manner); Nicholas v. State, 56 S.W.3d 760, 768 (Tex.
App.--Houston [14th Dist.] 2001, pet. ref'd) (failure to complain to trial court that sentences were
cruel and unusual waived claim of error for appellate review). We have reviewed the records of the
trial proceeding. No relevant request, objection, or motion was made. And, while this Court has
held that a motion for new trial is an appropriate way to preserve this type of claim for review (see
Williamson v. State, 175 S.W.3d 522, 523-24 (Tex. App.--Texarkana 2005, no pet.); Delacruz v.
State, 167 S.W.3d 904 (Tex. App.--Texarkana 2005, no pet.)), no motion for new trial was filed. 
Therefore, Landor has not preserved such an issue for appeal.

 We affirm the trial court's judgment.


 Bailey C. Moseley

 Justice


Date Submitted: September 15, 2009

Date Decided: September 16, 2009


Do Not Publish



lse" Name="Table Grid"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00110-CR

                                                ______________________________

 

 

                                     THE STATE OF
TEXAS, Appellant

 

                                                                V.

 

                              MAURICE SCOTT FERGUSON, Appellee

 

 

                                                                                                  


 

 

                                        On Appeal from the 71st Judicial District Court

                                                           Harrison County, Texas

                                                         Trial Court
No. 09-0204X

 

                                                     
                                             

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                                    Opinion by Chief Justice Morriss








                                                                   O P I N I O N

 

            During the
jury trial resulting in the conviction of Maurice Scott Ferguson for aggravated
sexual assault, the alleged victim testified that Ferguson regularly engaged in
vaginal sexual intercourse with her after school for at least three years,
while she was between roughly eight and eleven years of age.  In contrast, Ferguson has consistently
maintained that he had never had sex with her. 
The trial court granted Ferguson a new trial, in response to Fergusons
motion, which claimed that the State improperly and harmfully failed to turn
over a forensic sexual assault examination report which stated (1) that the
labia majora, labia minora, and hymen of the complainant child was within
normal limits, (2) that the perineum of the complainant child was within normal
limits and intact, and (3) in summary, that the genital examination of the
then thirteen-year-old complainant child was within normal limitsa report at
least arguably tending to undermine the complainants testimony that she had
been subjected to vaginal[1]
intercourse regularly for more than three years and at least arguably tending
to support Fergusons claim of no such intercourse.  The State appeals the trial courts new-trial
order.  We affirm the trial courts
order, because granting a new trial was within the discretion of the trial
court.

            The granting
or denying of a motion for new trial lies within the discretion of the trial
court.  Charles v. State, 146
S.W.3d 204, 208 (Tex. Crim. App. 2004).  An
appellate court reviews a trial courts ruling on a motion for mistrial and
motion for new trial using an abuse of discretion standard of review.  We view the evidence in the light most
favorable to the trial courts ruling and uphold it if it was within the zone
of reasonable disagreement.  Webb v. State, 232 S.W.3d 109, 112 (Tex.
Crim. App. 2007).  A trial court does not
abuse its discretion in granting a motion for new trial if the defendant (1)
articulated a valid legal claim in his or her motion, (2) produced evidence or
pointed to evidence in the trial record that substantiated the legal claim, and
(3) showed prejudice to his or her substantial rights under the Texas Rules of Appellate
Procedure.  State v. Herndon, 215 S.W.3d 901, 909 (Tex. Crim. App. 2007); see Tex.
R. App. P. 44.2.

            Applying
this analysis, a defendant need not establish reversible error as a matter of
law before the trial court may exercise its discretion to grant a motion for
new trial.  On the other hand, trial
courts do not have the discretion to grant a new trial unless the defendant
demonstrates that the first trial was seriously flawed and that the flaws
adversely affected the defendants substantial rights to a fair trial.  Id.

            The
dispute here revolves around a Sexual Assault Examination Forensic Report Form
completed by Donna Whipkey, R.N., at Good Shepherd Medical Center in
Longview.  That report was not provided
to defense counsel, and evidently was also not in the hands of the State, but
instead was possessed by one of the countys investigative bodies.  The trial court found that the State did not
intentionally withhold the report and that the report was material to the
defense of the charges against Ferguson. 
The court further explicitly found that Ferguson did not waive the Brady claim and that there was no lack
of diligence relating to a failure to discover the new evidence.  

            There are
two different analyses at play, based on the two different arguments of legal
error presented to the trial court.  One
is a Brady analysis; the other the
statutory analysis due to newly discovered evidence.  Those arguments overlap, but are based on
different theories of law.  Each
analysis, in our view, supports the trial courts granting a new trial.

(1)        Brady Analysis

 

            Brady v. Maryland, 373 U.S. 83, 8788
(1963), imposes an affirmative duty on the State to disclose evidence favorable
and material to a defendants guilt or punishment under the Due Process Clause
of the Fourteenth Amendment.  Thomas v. State, 841 S.W.2d 399, 407
(Tex. Crim. App. 1992); Smith v. State,
314 S.W.3d 576, 584 (Tex. App.Texarkana 2010, no pet.).  A defendant is entitled to a new trial if (1)
the State fails to disclose evidence, (2) the evidence is favorable to the
accused, and (3) the evidence is material, that is, there is a reasonable
probability that the outcome of the trial would have been different had the
evidence been disclosed.  United States v. Bagley, 473 U.S. 667,
682 (1985); Hampton v. State, 86
S.W.3d 603, 612 (Tex. Crim. App. 2002).

            In executing
their duties, prosecutors have a duty to learn of any evidence favorable to the
defense that is known to others acting on the governments behalf in the case,
including the police.  Kyles v. Whitley, 514 U.S. 419, 437
(1995); State v. Moore, 240 S.W.3d
324, 328 (Tex. App.Austin 2007, pet. refd).

 

 

            As
previously stated, a defendant is entitled to a new trial if (1) the State
fails to disclose evidence, (2) the evidence is favorable to the accused, and
(3) the evidence is material, that is, there is a reasonable probability that
the outcome of the trial would have been different had the evidence been
disclosed.   Bagley, 473 U.S. at 682; Hampton,
86 S.W.3d at 612.   The evidence was
undisclosed.  It is apparent from the
testimony at the hearing on new trial that it was favorable to the accused.  The closest question is whether the evidence
creates a probability sufficient to undermine the confidence in the outcome of
the proceedingthat is, was there a reasonable probability that the outcome
would have been different if the evidence had been disclosed.

            The State
first argues that the issue was waived below, thus the trial court could not
properly consider it in the motion for new trial.  Therefore, the State contends, for the court
to grant a new trial in the face of the defendants waiver of the theories that
would justify its granting makes its decision arbitrary and unreasonable.  Its initial argument is based on State v. Fury, 186 S.W.3d 67, 73 (Tex.
App.Houston [1st Dist.] 2005, pet. refd), where the court held that a failure
to request a continuance waived Brady
error.  In that case, however, the
existence of the undisclosed evidence was definitely known by the
defendant:  it was admitted at trial with
no objection, complaint or request for continuance by the defendant.  

            The State
suggests that this case is in the same position because counsel learned during
the course of the trial that a S.A.N.E. examination was performed, and it
ultimately became clear that the sheriffs office had a report generated as a
result of the examination.  The State
argues that counsel made a decision not to seek a postponement in order to look
into the matter, and points out that counsel decided not to call the S.A.N.E.
as a witnesssuggesting that this decision waived any later complaint about anything
that could have been discovered through questioning that witness.[2]

            The evidence
adduced at the hearing on the motion for new trial is revealing.  The evidence shows that defense counsel
learned of the examination during the
course of the trial.  It also shows that
the sheriffs office had the report produced from that examination.  However, it also shows that defense counsel
was unaware that a report existed at
all, until after trial concluded. 
Therefore, in support of its contention that counsel waived his
arguments, the State is in the position of arguing that counsel necessarily
knew or should have known that a report existed because an examination
occurred.  That is not a necessary
inference.  It can be argued that reports
are often, perhaps even usually, produced in connection with physical
examinations.  However, it cannot be said
that reports are always made.  Further,
in light of the States duty both constitutionally and pursuant to order of the
trial court to produce such a report if it did exist, the fact that the State
did not produce a report allows counsel to justifiably infer that one did not
exist.  This appeal is therefore not
governed by Fury, where there was no
question that the evidence existed.

 

            There is a
significant difference between the testimony at trial and the content of the
report as later explained by the S.A.N.E. in the hearing on the motion for new
trial.  The trial testimony was that
there was no physical injury apparent, while the report and testimony at the
hearing on the motion for new trial reflected evidence that the complainants
genitalia were found to be within normal limits.  The report might be argued and understood as
affirmative evidence that the complainant was not regularly subjected to
vaginal intercourse over approximately three years, as charged by the State.

            The State
also argues that, with use of the report on a retrial, a different outcome was
not likely, because the State had admitted from the inception of the trial that
it had no direct physical evidence and was relying solely on the testimony of
the complainant.  The State introduced
testimony at trial pointing out that, during the examination of the child, no
genital scarring was found, and stating that the part of the body involvedthe vagina,
claimed in this instancehealed quickly unless it is a terrible brutal, brutal
assault.  On cross-examination, defense
counsel commented, and the investigator agreed, that, as no sign of scarring,
tearing, or DNA was apparent, the examination simply indicated that there was
no physical evidence of injury that could be linked back to an act.  The lack of scarring was also pointed out
during final argument.  The State argues
generally that the undisclosed evidence was at best cumulative, and
alternatively that trial counsel waived the complaint under both theories by
not requesting a continuance at trialthus, the decision was therefore
arbitrary or unreasonable, and the trial court, therefore, abused its
discretion by granting the new trial.

            In fact, at
the hearing on new trial, while on the stand, defense counsel testified that,
had the report been in his hands, his defensive strategy would have changed
noticeablyshifting from the defensive argument usedthat there was no physical
evidence of sexual assaultto a more offensive argumentthat there was physical
evidence strongly suggesting that there was no sexual assault, or at least that
the regularity reported by complainant was incredible.  That is a substantial and supportable
distinction.

            Undisputed evidence
shows that counsel did not know the document existed until after trial.  Further, cases have not focused on a should
have known scenario, except when the document was provided to counsel, but
then ignoredor when it was otherwise made available.  See and
compare, Dalbosco v. State, 960
S.W.2d 901, 903 (Tex. App.Texarkana 1997, order).  Even then, the argument is actually based on
an alleged lack of diligence by counsel, and in light of counsels actions, the
trial court was within its discretion in finding that counsel diligently sought
information that was solely under the control of the State.

            Counsels
argument is persuasive.  The undisclosed
evidence does not conclusively prove innocence, but it does make a defensive
theory legitimately available, based on physical evidence.  That theory would have had no grounding other
than supposition before the evidence became available.  Thus, because the trial court had evidence on
which it could have relied, it did not abuse its discretion in determining that
a Brady violation existed that would
justify the granting of a new trial.

 

(2)        Newly-Discovered-Evidence Analysis

 

            The other
relevant analysis involves allegedly newly discovered evidence.  A new trial shall be granted an accused
where material evidence favorable to the accused has been discovered since
trial.  Tex. Code Crim. Proc. Ann. art. 40.001 (Vernon 2006); Keeter v. State, 74 S.W.3d 31, 36 (Tex.
Crim. App. 2002); Fury, 186 S.W.3d at
73.  Before a defendant is entitled to a
new trial because of newly discovered evidence, he or she must show that (1)
the newly discovered evidence was unknown to the defendant at the time of
trial; (2) the failure to discover the evidence was not due to lack of
diligence; (3) the evidence is admissible and not merely cumulative,
corroborative, collateral, or impeaching; and (4) the evidence is probably true
and would probably bring about a different result in another trial.  Keeter,
74 S.W.3d at 3637; Moore v. State, 882 S.W.2d 844, 849 (Tex. Crim. App.
1994); Tuffiash v. State, 948
S.W.2d 873, 879 (Tex. App.San Antonio 1997, pet. refd).  It is the purview of the trial court to
determine the credibility of the witnesses and whether the new evidence is
probably true.  Keeter, 74 S.W.3d at 37.

            The report
itself was unknown to Ferguson and in the hands of the State, counsel obtained
an order requiring that evidence of this type be provided to him, the report
would be admissible, and it is substantially different in content from the
evidence at trial.  The remaining
questionwhether it would probably bring about a different result in another trialis
the closer question.  The standard here,
a probable difference, is higher than the Brady
standard, requiring only a reasonable probability of a different outcome.

 

            The evidence
and its implications are discussed under our Brady analysis, and the same considerations apply in this
analysis.  In this review, we find that
the evidence supporting the trial courts conclusion that the requirements for
reversal based on newly discovered evidence have been met is unclear.  Under an abuse of discretion standard,
however, and in light of the trial courts ability to process and consider the
credibility of the witnesses involved, we do not conclude that the trial court
acted without reference to applicable law. 
Therefore, reviewing the evidence in the light most favorable to the
trial courts ruling,[3]
we find that ruling to be within the zone of reasonable disagreement.

            We
affirm the order of the trial court.

 

 

 

                                                                                    Josh
R. Morriss, III

                                                                                    Chief
Justice

 

Date Submitted:          January
18, 2011

Date Decided:             February 4, 2011         

 











[1]This
opinion focuses on the alleged vaginal intercourse, because the complainants
testimony appears to principally allege vaginal intercourse and because that
act seems central to this appeal in light of the various elements set out by
the sexual assault examination report in issue. 
It is acknowledged that the record contains some testimony also
suggesting anal intercourse, but that is not central to this appeal.





[2]Defendants
trial counsel (who is now the elected district attorney of Harrison County)
testified that hequite reasonablydeclined to call the nurse because he did
not know the report existed, and thus had no knowledge of the likely answers to
his questions.  We cannot fault him for
that decision.





[3]Webb, 232 S.W.3d at 112.